EDWARD TRACY, Appellant, *v.* THOMAS MCMANUS, impleaded, etc., Respondent.

Defendant McM. was sought to be charged as a member of a firm, upon evidence that he purchased and owned the premises and machinery in and with which the firm business was transacted; that he furnished it with capital and attended to its financial affairs. Evidence was also given of declarations on his part that he was interested in the concern.

Statement of case.

McM. denied that he was a partner, gave evidence that all that he received was a specified sum for the use of his property, and offered to show that his sole motive in doing what he did was to aid two of his relatives who were members of the firm. This evidence was excluded. *Held,* error; that he had a right to rebut the inference naturally drawn from plaintiff's evidence (*i. e.,* that he was interested in the business and acting for his own benefit) by showing that he was actuated by a motive which rendered his conduct consistent with the absence of any pecuniary interest on his part.

(Argued June 9, 1874; decided September 22, 1874.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict, and granting a new trial.

This action was brought against the defendant McManus, together with John Tighe and Edwin T. Robinson, to recover the value of a quantity of barley malt, alleged by the plaintiff to have been sold and delivered to defendants as partners, under the firm name of Tighe & Robinson.

The issue upon the trial, between plaintiff and defendant McManus, was whether he (McManus) was liable to plaintiff as a partner in said firm. Plaintiff's evidence showed that McManus purchased for the business and owned the brewery and all the fixtures and implements necessary for the prosecution of the business of brewing used by the firm; he furnished the capital, the proceeds of the business were paid over to him and he met the notes of the concern as they became due. Robinson was a brewer and attended to the manufacturing of the ale and was to have sixty dollars per month at all events. Tighe was the book-keeper of the concern, and Grattan, who was ostensibly a partner, was the out-door man, who did the teaming and work of that kind. McManus was, in many cases, the direct purchaser of the materials necessary for the business, and in most cases cognizant of and connected in some way with the purchases. From time to time he purchased additional implements and facilities for carrying on the business.

Declarations on his part to plaintiff and others were also proved, to the effect that he was interested in the business.

McManus, as a witness in his own behalf, testified that he was not a partner, and had no pecuniary interest in the business whatever, and that he was simply to have the sum of $700 for the use of his property. He also testified that he told plaintiff that in purchasing, he did it with a view to help Tighe and Grattan, who were relatives, and that that was his sole motive. The latter clause of the answer was, upon motion of plaintiff's counsel, stricken out. The counsel for McManus then offered to prove that the latter purchased the property for the purpose of aiding said relatives. The evidence was rejected and said counsel excepted. Further facts appear in the opinion.

*Esek Cowen* for the appellant. The judge at the trial properly excluded defendant's testimony as to his purpose in buying the brewery, etc., and making advances of money. (*Fielder* v. *Darrin*, 50 N. Y., 438; *Leffler* v. *Field*, 52 id., 321; *Cowdrey* v. *Coit*, 44 id., 391; *Cortland Co.* v. *Herkimer Co.*, id., 22.)

*Samuel Hand* for the respondent. None of the elements essential to a partnership were proved to exist between McM. and the other defendants. (Coll. on Part., § 18; *Man. B. and M. Co.* v. *Sears*, 45 N. Y., 799.) There was no evidence that appellant had made representations from which plaintiff had a right to infer that he was a partner. (*Dickinson* v. *Valpy*, 10 B. &. C., 128, 140; *Irvin* v. *Conklin*, 36 Barb., 64; Pars. Mer. Law, 167; *Holcroft* v. *Hoggins*, 52 Eng. C. L., 448; Coll. on Part., § 97.) The evidence that McM. made the purchase for the purpose of aiding his relatives, was improperly excluded. (*Bedell* v. *Chase*, 34 N. Y., 386; *Paper Works* v. *Willett*, 19 Abb., 106; *Cort. Co.* v. *Herk. Co.*, 44 N. Y., 22; *Lain* v. *Russell*, 42 id., 251.)

RAPALLO, J. Two rulings upon evidence made upon the trial are, in the opinion of the General Term, stated as the

grounds upon which a new trial was granted in this case. If either of these rulings was erroneous and material, the new trial was properly granted, and the order of the General Term must be sustained, and reference to any of the numerous exceptions to other rulings becomes unnecessary.

The appellant, McManus, was sought to be charged as a copartner in the firm of Tighe & Robinson, in the business of brewing and distilling. He denied being a partner in the firm. The evidence to connect him with it in that relation was circumstantial. There was no direct proof of the alleged partnership. The circumstances mainly relied upon by the plaintiff were, that McManus purchased and owned the brewery and apparatus, with which the business of the firm was carried on; that he furnished the firm with capital, and also attended to its financial business, receiving the proceeds of sales, and paying the liabilities. Evidence was also introduced, on the part of the plaintiff, for the purpose of showing declarations of McManus, to the effect that he was interested in the concern as a partner. These were controverted.

McManus being sworn, and testifying in his own behalf, denied being a partner, or interested in the profits of the concern. He admitted his ownership of the brewery, etc., and his intervention in the conduct of its affairs, but sought to explain his action by showing that Tighe and Grattan, two of the members of the firm, were relatives of his, and that in purchasing the brewery and making advances to the concern his sole motive was to aid his relatives. That all he received was a specified sum per annum for the use of his property. The evidence as to his motive was excluded by the court. We concur with the General Term in the opinion that it ought to have been allowed to go to the jury. Acts on the part of McManus had been proved, calculated to show that he was interested in the business. These acts, in the absence of any explanation of their motive, tended not only to sustain the plaintiff's allegation of interest, but to corroborate the evidence as to oral declarations of McManus, touching his interest in the concern. In the absence of any such

motive as he endeavored to prove, his conduct in buying the property, furnishing capital, and aiding the firm in the management of its business, would naturally lead to the inference that he was interested in the business, and acting for his own advantage.   This inference he had a right to rebut, by showing that he was actuated by a motive which rendered his conduct consistent with an absence of any pecuniary interest of his own in the profits of the business.   If he was a partner, it was of course immaterial what motive caused him to become such.   But the very question was, whether he was a partner or not.   As bearing upon this question, certain acts were proved, which would, under ordinary circumstances, indicate that he was interested in the business.   We think that he had the right to explain these acts by showing that he did them for the purpose of aiding his relatives, and that, therefore, they were not inconsistent with his allegation that he had no interest.   The existence of this motive was a fact which the defendant had a right to lay before the jury, in order that it might be considered by them in drawing inferences from his actions.   Many acts were proven which could not have influenced the plaintiff to give the credit, but which bore upon the question of actual partnership, and as to those, we think the evidence clearly admissible.

The exclusion of this evidence was error, sufficient to justify the order granting a new trial.   The order must, therefore, be affirmed, and judgment absolute rendered for the defendant McManus, with costs.

All concur.

Order affirmed, and judgment accordingly.