(21 App. Div. 51.)

### GRIFFIN v. CARR et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

PARTNERSHIP—EVIDENCE—INTENT.

On the question whether a partnership existed between defendants as to third parties, testimony of one of them that he did not intend to become such a partner, or as to what his purpose was in the business relations he had with his co-defendant, is immaterial, except as it relates to specific acts or conduct, and then only so far as such acts or conduct, as qualified by the motive or intent, affect the credibility of his denial that he was interested with his co-defendant.

Appeal from trial term.

Action by Samuel Griffin against John Carr and others. From a judgment on a verdict of the jury, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas J. Rich, Jr., for appellants.

Timothy M. Griffing, for respondent.

CULLEN, J. This action was brought to recover the price of certain wood sold and delivered to defendants, who, it is alleged, were partners. Both defendants answered, the defendant Daniel Carr interposing a general denial, the defendant John Carr admitting that the plaintiff had sold and delivered wood to him, but denying that the sale amounted to the sum stated, or any considerable part thereof. On the trial the court held that the plaintiff could recover only the value of the wood actually delivered, and for that sum directed a verdict against the defendant John Carr. The liability of the defendant Daniel Carr was left to the jury, and found against that defendant. The evidence to establish the partnership between the defendants was such as to require the submission of that question to the jury. There was testimony to the effect that Daniel Carr participated in the conduct of the business, and also of his declarations that he was interested in the business. These declarations would not only estop him from denying the partnership as against those who had sold goods on the faith of the declarations, but were also competent evidence of the partnership itself in favor of others as to whom there may have been no estoppel. The question was fairly submitted to the jury by the trial court, in a charge to which there was no exception, and to which no exception could properly have been taken. The verdict rendered cannot be disturbed, unless there was error in the admission or rejection of evidence. The defendant strenuously insists that such error was made.

The defendant John Carr was a witness on his own behalf. He testified that he was not interested in the business, that he had taken no part in its conduct, and that he was not a partner, and denied making any declaration to the contrary. One Edwards had testified to purchasing wood from this defendant, and that at the time of the purchase the defendant stated he would have to see his brother John. In answer to this, the defendant Daniel gave the details of the transaction, and testified that three cords of the wood belonged to him personally, and the rest to his brother, and thus accounted for his statement that he must see his brother in regard to the sale. He denied specifically that he was in any wise interested in the business; that he had received or was to receive any portion of the profits; or that there was any agreement or arrangement by which he was to become a partner of his brother. He was then asked the following questions, which were objected to, and the objection sustained:

"Q. Was it ever your purpose to become a partner with John? A. No, sir. Plaintiff's Counsel: I object, and move to strike that out. (Motion granted. Defendant excepts.) Q. State what, if any, purpose you had in any business relation you had with John with reference to the sale of wood: (Objected to. Objection sustained. Exception taken.) By the Court: Any agreement he had. By Plaintiff's Counsel: I don't object to that, of course."

It is claimed that Tracy v. McManus, 58 N. Y. 257, is an express authority to the effect that this testimony was improperly excluded. In that case the defendant had taken some part in the management of the business, but denied that he was interested therein. It was held error to exclude his testimony that the motive or reason he took such part was a desire to help his co-defendants, who were his relatives. The evidence here excluded was of a different character. It was not to explain or account for any particular action or conduct on the part of the witness, which, in the absence of explanation, might seem inconsistent with his testimony that he had no interest in the business. The witness denied everything charged against him except the sale to Edwards, and this he had fully explained. The defendant may not have intended to become a partner, but yet a participation in the business and its profits, or his holding himself out as a partner to persons dealing with his brother, might have made him such. His intent in an action of the character of the present one could only be material as it related to specific acts or conduct, and then only in so far as such acts or conduct, as qualified by the motive or intent, affected the credibility of his denial that he was in any way interested with his brother. The testimony offered, except in so far as it had been previously given without objection, did not bear on the question, and was properly excluded. The other exceptions to the rulings of the court on matters of evidence require no discussion.

The judgment and order appealed from should be affirmed, with costs. All concur.