HALLENBECK v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. TRIAL—ISSUE—STIPULATION—EFFECT.

In an action to recover from defendants for board of workmen and for supplies, it was stipulated that the case should be tried, and that three other cases by plaintiff against the same defendants, represented by the same attorneys, should abide the result of the trial as to the question of partnership litigated, and that judgment should be entered in each of the cases "above mentioned" for the amounts claimed if verdict should be given for plaintiff, and if verdict was given for defendants then judgment should be entered for them. The stipulation was preceded by the title of all four actions as a caption. The trial proceeded on the theory that only the issue as to a partnership existing between defendants was in litigation. The court so instructed, and no exceptions were saved to the instruction. Held, that the stipulation limited the issue to be tried to that

of partnership, and that proof of the sale of supplies or furnishing of board was unnecessary to plaintiff's recovery.

2. EVIDENCE—RECORD—STATEMENT—REVIEW.
　　A statement in the record that "the above is all the testimony taken" is so far equivalent to a statement that the record contains all the evidence as to permit a review of the testimony on appeal.

8. PARTNERSHIP—FINDING—EVIDENCE—SUFFICIENCY.
　　That defendant and another were engaged in a common work; that defendant had general superintendence of the workmen employed by them, and obtained credit, stating that they would be responsible; that defendant had made several declarations of his interest; and that his alleged partner had also done so in defendant's presence, as to his interest,—is competent, and sufficient to sustain a finding of the existence of a partnership.

Appeal from trial term, Westchester county.

Action by William T. Hallenbeck against Egbert Z. Smith, impleaded with Alonzo E. Smith. From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant Egbert Z. Smith appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Thomas Young, for appellant.
Henry J. McCormick, for respondent.

JENKS, J. This action was brought to recover the balance of an account for the board of workmen and for supplies furnished to the defendants, who, it is alleged, were partners. An answer of general denial was interposed by Egbert Z. Smith only. The appellant urges that the judgment should be reversed for failure of proof that any goods were sold or delivered at any agreed price, or that any board was furnished at any agreed price or for any time, or that there was any value of goods or worth of board. The plaintiff replies that under a stipulation the only issue tried was that of partnership. The record shows that there were four actions pending between different plaintiffs (represented by the same attorneys) and these defendants, and that on October 12th, the day before trial, the respective attorneys stipulated in writing, under a caption of the four actions, including the case at bar, as follows:

"It is hereby stipulated that the above-mentioned case of William T. Hallenbeck as plaintiff against Egbert Z. Smith and another be tried, and the other three above-named cases abide by the result of the trial of that case as to the question of partnership litigated; and that judgment be entered in each of said cases above mentioned, with costs, including the costs of trial, if the verdict be in favor of plaintiff, for the amounts claimed in the several complaints, with interest; if verdict in favor of defendant, judgment to be entered in all above cases of dismissal of complaint, with all costs and of trial in each case."

A resettlement of the case placed this stipulation in the record. I think that the parties stipulated that partnership was the only issue. If the amount of plaintiff's claim was to be litigated, why should the defendants stipulate that, if the verdict be for the plaintiff, the amount thereof should be that asked in the complaint? And yet the stipulation reads if the verdict be in favor of the plaintiff that judg--

ment shall be entered in each of said cases above mentioned, and so plainly includes the case at bar. This was the practical interpretation of the parties on the trial. There was no evidence offered by either party save as to the question of partnership. No motion was made either at the close of plaintiff's case or at the close of the whole case. The learned trial justice submitted only the question of partnership to the jury, in a careful and elaborate charge, wherein, referring to the question of partnership, he stated: "Now, that is the sole point submitted to you." The record shows neither exception to the charge nor requests for further instructions. This court cannot pass outside the limits marked by the stipulation of the respective parties. Bleakley v. Sullivan, 140 N. Y. 175, 181, 35 N. E. 433.

The learned counsel for the plaintiff further insists that we cannot review the testimony, in that the record contains a statement, "The above is all the testimony taken," and cites authorities based upon the proposition that this expression is not equivalent to a statement that the case contains all the evidence. Heretofore this court has hesitated to follow those authorities (Zimmerman v. Railway Co., 3 App. Div. 219, 38 N. Y. Supp. 362), and its hesitation is justified by the decision in Rosenstein v. Fox, 150 N. Y. 354, 360, 44 N. E. 1027, which is conclusive against the contention of the plaintiff here. The evidence as to the partnership required the submission of the question to the jury. There was proof that the defendants were engaged in a common work; that the defendant Egbert had the general superintendence of the workmen; that he had obtained the credit stating that the defendants would be responsible; that he had made several declarations of his interest; that his alleged partner had made similar declarations in his presence; and that there had been dealings between other persons and the defendants as partners. Similar testimony was considered by this court in Griffin v. Carr, 21 App. Div. 51, 52, 47 N. Y. Supp. 323, where, speaking of the statements of the defendant, Cullen, J., said: "These declarations would not only estop him from denying the partnership as against those who had sold goods on the faith of the declarations, but were also competent evidence of the partnership itself in favor of others, as to whom there may have been no estoppel." The proof offered by the appellant was his own testimony, and certain facts of unimportance, compared with the testimony for the plaintiff. Judgment and order affirmed.

Judgment and order affirmed, with costs. All concur.