(64 App. Div. 80.)

## HOPLER v. HUNTER ARMS CO.

(Supreme Court, Appellate Division, Fourth Department.   July 23, 1901.)

1. EVIDENCE—LETTERS—EXPLANATION.
      Letters written by a witness to plaintiff, which were inconsistent with testimony which he had given for defendant, and which tended to establish plaintiff's liability for the amount of counterclaims set up by defendant, but which were no part of the contract between the parties, were received in evidence; whereupon he was recalled by defendant, and asked to explain why no reference was made to the account contained in

the statement of defendant's counterclaim, as claimed by it, at the time of writing the letters. The evidence was excluded. *Held* error.

2. SAME—OBJECTIONS NOT RAISED BELOW.

Where a certain question was excluded on objection, it cannot be urged on appeal that it was not shown what evidence would be given, or what the answer to the question would have been, where such objection was not raised below.

Appeal from trial term, Oswego county.

Action by James Hopler against the Hunter Arms Company. From a judgment entered on the decree of a referee in favor of the plaintiff, defendant appeals. Reversed.

The action was brought in the supreme court on the 13th day of January, 1899, to recover a balance of $282.21, and interest from May 1, 1898, for labor and services alleged to have been performed by the plaintiff as traveling salesman for the defendant during the years 1897 and 1898. The amount of plaintiff's claim for services was substantially admitted by the defendant in its answer, or at least no question is made over the amount of such services as found by the referee, to wit, $158.77; but by its answer the defendant sets up a counterclaim for balance due for goods sold and delivered to the B. M. Dwight Cycle Company, amounting to the sum of $153.28, and which it is alleged was guarantied by the plaintiff. It also sets up a counterclaim for goods sold and delivered to the plaintiff between April 20, 1897, and October 17, 1898, amounting to the sum of $1,412.80, less the sum of $681, which it is admitted was paid thereon; and the defendant alleges that there is due and owing to it from the plaintiff, over and above the amount due to the plaintiff for his services, the sum of $736.37, for which sum the defendant demanded judgment, besides costs. The referee disallowed defendant's counterclaim, and found there was due and owing to the plaintiff from the defendant the sum of $158.77, with interest thereon from May 1, 1898, amounting in all to the sum of $177, and judgment was directed in favor of the plaintiff for that amount, besides the costs of the action.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Giles S. Piper, for appellant.
Harry C. Walker, for respondent.

McLENNAN, J. Substantially the only issues litigated before the referee were as to the defendant's two alleged counterclaims. Without reciting in detail the evidence given by the respective parties upon those issues, or expressing any opinion as to the weight of the evidence, it may be said that it was conflicting, and that the testimony of each party was of such a character that if believed it was sufficient to have justified a finding in his favor upon such issues. It appeared that one John Hunter, who was the secretary of the defendant, had written a number of letters to the plaintiff, one to a Mr. Walker, and one to the B. M. Dwight Cycle Company, which were inconsistent with the testimony which had been given by him as a witness for the defendant, and which tended to establish the liability of the·plaintiff for the amount of the counterclaims set up in the answer. Those letters were offered in evidence by the plaintiff, and were received by the referee. Thereupon the witness Hunter was recalled, and asked by defendant's counsel: "You may state or explain why no reference was made to the account contained in Schedule B at the time of writing those

letters [Schedule B being a statement of defendant's counterclaim as claimed by it]." The evidence was excluded by the learned referee, and an exception was duly taken.

We think the ruling presents such error as requires a reversal of the judgment. The importance or materiality of the letters cannot be questioned. Unexplained, they indicated that the claim of the defendant was not well founded, the statements contained in the letters being inconsistent with such claim. It also appears that the referee regarded them as of importance, because in the opinion written by him he states that "such letters strongly corroborate plaintiff's version of the transaction, and also decidedly contradict the evidence given by both the Hunters." Again, the referee, in speaking of two of those letters (Exhibits D and F), says:

"Even this evidence [evidence of John Hunter, secretary of the defendant], it seems to me, does not necessarily contradict the evidence given by the plaintiff; but, assuming that this evidence is contradictory, it seems to me more than overbalanced by plaintiff's Exhibits D and F, which were dictated by Mr. John Hunter, and admit an indebtedness to plaintiff of $5.24."

Assuming, then, as we must, that the letters were material, and were properly received when offered by the plaintiff, we think it clear that it was competent for the witness John Hunter, who dictated or wrote the letters, to explain, if he could, how he came to write what he did, and how it happened that what he wrote was inconsistent with the testimony which he had given, and with the real facts as he claimed they existed. The letters or exhibits in question were no part of the contract or agreement between the parties. It was not claimed that anything was done or omitted by the plaintiff on the strength of such letters, and therefore no question of estoppel could arise. Such being the case, we know of no rule which would prevent the witness from making such explanation as he could of the apparent inconsistencies between his testimony and the letters which he wrote, and which were put in evidence by the plaintiff.

The case of Tracy v. McManus, 58 N. Y. 257, cited by appellant's counsel, is in point. In that case it was sought to charge the defendant as a partner, upon evidence that he purchased and owned the property where the firm business was carried on, furnished it capital, and attended to its financial affairs, and also that he made declarations that he was interested in the concern. The defendant denied that he was a partner, and offered to show that his sole motive in doing what he did was to aid two of his relatives who were members of the firm. The court said (pages 260, 261):

"These acts, in the absence of any explanation of their motive, tended not only to sustain the plaintiff's allegation of interest, but to corroborate the evidence as to the declarations of McManus touching his interest in the concern. * * * We think that he had the right to explain these acts by saying that he did them for the purpose of aiding his relatives, and that, therefore, they were not inconsistent with his allegation that he had no interest."

We think the referee was not justified in excluding the answer to the question objected to, for the reason suggested by the learned counsel for the respondent, to wit, that it was not indicated what evidence would be given or what answer would be made by Hunter

71 N.Y.S.—44

in explanation of the letters. Besides, the question was not objected to upon any such ground. If it had been, its form could readily have been changed, so as to have obviated that objection. Being of the opinion that the judgment should be reversed, and that a new trial should be had, because of the ruling made by the learned referee, we deem it unnecessary to discuss any of the other questions presented by the appeal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.