EMILY CHAMBERLAIN, Respondent, *v.* CASPAR IBA, Appellant.

EVIDENCE — WHEN PARTY MAY EXPLAIN ADMISSIONS AND DECLARATIONS USED AGAINST HIM BY OTHER PARTY. Where the sole issue, in an action brought to recover unpaid rent of premises held by the lessee under a written lease for a long term, was whether an oral agreement was made between him and the lessors, shortly after the execution of the lease, that the former should erect, at his own expense, a factory building on a certain part of the demised premises and should be allowed to offset its value against the rents to accrue during the last two years of the term, it is error to reject letters, written to him by the plaintiff's co-lessor,

referring to and tending to prove that the lessors knew that he erected the building under some arrangement as claimed by him; it is also error to exclude his testimony in explanation of a letter written by him to the husband of the plaintiff in which he admitted an indebtedness for rent, since, where declarations or acts of a party are offered in evidence as admissions against himself and calculated to show that his present attitude is inconsistent therewith, it is always competent for him to offer an explanation.

*Chamberlain* v. *Iba,* 87 App. Div. 632, reversed.

(Argued May 3, 1905; decided May 30, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 16, 1903, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. Livingston Samuels* for appellant. The court erred in excluding the letters written by plaintiff's co-lessor to the defendant in 1889. (*Chadwick* v. *Fonner,* 69 N. Y. 404; *Lyon* v. *Ricker,* 141 N. Y. 225; *Pitts* v. *Wilder,* 1 N. Y. 525; *Leary* v. *Corvin,* 63 App. Div. 151; *McClelland* v. *Grant,* 116 N. Y. Supp. 208; *Ward* v. *Hoag,* 78 App. Div. 510; *Hanlon* v. *Ehrich,* 80 App. Div. 359; *Mills* v. *Sackett,* 30 Hun, 68; *Matter of Miller,* 56 Hun, 553; *Baird* v. *Daly,* 68 N. Y. 547; *Smith* v. *Crego,* 54 Hun, 22.) The court erred in not allowing the defendant to explain his letter of June 18, 1902. (*Stirling* v. *Kelley,* 77 App. Div. 621; *Nay* v. *Curley,* 113 N. Y. 575; *Hopler* v. *H. A. Co.,* 64 App. Div. 80.)

*Gibson Putzel* and *Benjamin G. Paskus* for respondent. The exclusion of the letter written by plaintiff's co-lessor did not constitute error. (*Stephens* v. *Vroman,* 16 N. Y. 381; *Reed* v. *McCord,* 160 N. Y. 330; *Tooley* v. *Bacon,* 70 N. Y. 34; *Adsit* v. *Wilson,* 7 How. Pr. 64; *Quinby* v. *Strauss,* 90 N. Y. 664; *Van Buren* v. *Wells,* 19 Wend. 203; *Stouter* v. *M. R. Co.,* 127 N. Y. 661; *People* v. *Place,* 157 N. Y. 584; *Palmer* v. *Palmer,* 150 N. Y. 139; *Crippen* v. *Morse,*

49 N. Y. 13; *Kingsland* v. *Rickman,* 5 Daly, 13; *Pretz-felder* v. *Stroebel,* 17 Misc. Rep. 152; *Bowman* v. *Travis,* 54 N. Y. 640; *Dobson* v. *Kuhnler,* 20 N. Y. Supp. 771.) The remaining exceptions taken at the trial by the defendant to the exclusion of evidence are without merit. (*Marshall* v. *Davis,* 78 N. Y. 414; *Barson* v. *Mulligan,* 77 App. Div. 192; *Gibson* v. *Johnson,* 21 Misc. Rep. 59; *Martin* v. *Heller,* 142 N. Y. 140; *Clift* v. *Moses,* 112 N. Y. 426; *Rogers* v. *McGuire,* 90 Hun, 455; *Hoes* v. *Naegele,* 28 App. Div. 374; *Corning* v. *Walker,* 100 N. Y. 547.)

BARTLETT, J.    This action was brought to recover unpaid rent of certain premises occupied by the defendant under a long written lease.    On the 25th day of March, 1889, two sisters, Sophie E. Beach and Emily Beach, executed and delivered to the defendant a lease of the premises 251, 253 and 255 Bowery, corner of Stanton street, in the city of New York, for the term of fifteen years, commencing on the first day of May, 1889, and ending on the first day of May, 1904. The rental of these premises was six thousand dollars a year, and the defendant covenanted to take down the building known as 255 Bowery and erect another in its place of a certain description, to cost not less than twelve thousand dollars.    It was also provided that as security for the rent the lessee was to place with trustees the sum of ten thousand dollars to be invested in good securities.    The new building was duly and properly erected and the deposit to secure the rent was made and remained in the hands of the trustees at the time of the trial of this action.

A single issue was presented to the jury under the pleadings; the lessee, as matter of defense, set up an oral agreement between himself and the lessors made some time in September or October, 1889, shortly after the execution of the written lease, to the effect that he should erect at his own expense a certain factory on a portion of the demised premises opening on Stanton street, and should be allowed as compensation therefor its value as against the rents to accrue

under the lease for the last two years of the term beginning May 1st, 1902; that he afterwards erected said factory, and that its actual cost was forty-five hundred dollars, which he claimed as a payment against that portion of the rent sued for from May to September, 1902, inclusive, amounting to twenty-five hundred dollars.

This action was begun in September, 1902, and tried in January, 1903. Sophie E. Beach died February 22d, 1902, several months before the commencement of this action. The plaintiff under the will of her sister thereupon became the sole owner of the demised premises. Since the execution of the lease in 1889, Emily Beach intermarried with Edward W. Chamberlain. It appears that Sophie E. Beach was the elder of the two sisters and apparently conducted the business matters relating to the premises in question as the letters involved were written by her.

On the trial the defendant testified that he built the factory about September or October, 1889, and that before doing so he had a conversation with the lessors in regard to its erection; that he first saw Sophie E. Beach, and afterwards he had an interview with both of the lessors on the demised premises. The defendant also swore two witnesses who were in his employ at the time of this alleged oral agreement, who testified that they were present and overheard the oral agreement entered into substantially as testified to by the defendant and set up in his answer.

The plaintiff testified that no such agreement as sworn to by the defendant and his witnesses was made; that she had never been upon the premises since the execution of the lease, and had no interview with the defendant in the presence of her sister. She further testified that her sister had told her that the factory was erected by the defendant without any permission, and that she never knew of the fact until long after, when being notified in some insurance matter she went down to the premises and became aware for the first time of the fact that a new factory had been erected on the site of the former building.

This single issue was submitted to the jury and a verdict was rendered in favor of the plaintiff for the full amount of rent alleged to be due under the lease.

The defendant seeks to reverse the judgment for the reason that four certain letters written to him by Sophie E. Beach, material to the issue tried, were rejected by the trial judge when offered in evidence; also that after plaintiff had introduced a certain letter written by the defendant to her or her agent containing an alleged admission by this defendant against himself he was refused the opportunity to explain.

The letters in question are all without date. The first reads in part as follows: " I send you as requested the following statement : Taxes for the year 1889, *without discount,* which if paid in advance you have the benefit, $843.60. * * * I would advise you to have a licensed plumber and look into the water meter business, for you see what I have just paid is exorbitant, and I know, not correct; they say because the meter is not registering. You can build where the frame part is now in your shop, but not to extend it any more than it now stands." While this letter is undated, it is very apparent that it was written in the year 1889 before the taxes were paid, or the period in which they were subject to discount had expired. This letter was, therefore, written about the time of the alleged oral contract, and the closing words would authorize a jury to find that Sophie E. Beach was aware that defendant was about erecting the factory under some arrangement as claimed by him. This letter was competent evidence, and it was error to reject it.

The second undated letter reads as follows: " Your letter received. It is all right and satisfactory if the buildings are all insured, that is the new one, on the Bowery, and your factory. * * *." Here a jury might find that there was a recognition of the factory building.

The third undated letter reads in part as follows: " I have had a thorough investigation in regard to the policies of insurance, advice from the companies, besides other important counsel. The building you erected at your own expense,

255 Bowery, and the rear one in Stanton street, should read in the policies — ' Insured Sophie and Emily Beach as owners — Caspar Iba as lessee, as interest may appear.' That has been done properly in the policies. All of the remaining buildings are in a very different case. We are the *owners* of them entirely, and any loss to these buildings *must* be paid to us as owners under the terms of the lease," etc. The jury might have inferred from this letter that the writer was aware of the new building erected at defendant's own expense on Stanton street; also that the insurance was taken out shortly after the erection, as the forms of the policies evidently had not been agreed upon.

The fourth undated letter reads in part as follows: " * * * Have you yet received bill of taxes, on property; as soon as you do please allow me to see it — also have you paid water taxes on Stanton street and meter yet — I think this last cannot be paid just yet — I am not sure, and how about insurance on your new building in Stanton street — Please let me know so I may know everything is all right.". Here is another allusion to the new building in Stanton street. As this building in Stanton street, according to defendant's contention, was erected in 1889, and was characterized in this letter as new, it was competent for the jury to find that the writer had at that time knowledge of its existence. These letters were all competent evidence, and it was error to reject them when offered.

On the 10th of June, 1902, the plaintiff addressed a letter to the defendant, informing him that he was in arrears of rent in the amount of $3,950.00, and that unless paid by the 14th instant the matter would be placed in the hands of an attorney with instructions to proceed to collect same. To this letter the defendant made reply, on the 18th of June, 1902, to Mr. Chamberlain, reading as follows: "Enclosed please find two checks each of five hundred dollars; it would be a great pleasure to me if I could send you the full amount which I will do just as soon as the money comes in. I done a very big business this year and my prospects are really very good, and I have just twelve thousand dollars outstanding

which is very safe, all secured by first mortgage. Thanking you for being so kind and not troubling me, I remain," etc. On the trial Mr. Chamberlain, as a witness for the plaintiff, testified to this correspondence, and said : "At that time he did not say anything to me on the subject of this claim." The claim here referred to was obviously the oral agreement. The defendant testified : "There has been offered in evidence here a letter dated, I think, June 18th, 1902, written by me in which I offered to pay what I owe. At that time I owed in the first place, from January, 1901, to May, 1902. That I admit I owed and whatever is unpaid. Q. Just state to what your letter referred when you said you would pay in full?" This was objected to on the ground that the letter speaks for itself. The objection was sustained and the defendant duly excepted. This ruling also involves legal error. Where declarations or acts of a party are offered in evidence as admissions against himself and calculated to show that his present attitude is inconsistent therewith, it is always competent for him to offer an explanation.

On the trial of an action, in which it appeared that the secretary of the defendant corporation had written a number of letters which were inconsistent with testimony given by him in support of certain counterclaims set up in the answer, he may properly be asked by the defendant's counsel to explain why he made no reference to the counterclaims at the time he wrote the letters. (*Hopler* v. *Hunter Arms Co.*, 64 App. Div. 80.)

One McManus was sought to be charged as a member of a firm, upon evidence that he purchased and owned the premises and machinery in and with which the firm's business was transacted ; that he furnished it with capital and attended to its financial affairs. Evidence was also given of declarations on his part that he was interested in the concern. McManus denied that he was a partner, gave evidence that all he received was a specified sum for the use of his property, and offered to show that his sole motive in doing what he did was to aid two of his relatives who were members of the firm.

This evidence was excluded. This ruling was held to be erroneous, and that he had a right to rebut the inference naturally drawn from the plaintiff's evidence by showing that he was actuated by a motive which rendered his conduct consistent with the absence of any pecuniary interest on his part. (*Tracy* v. *McManus*, 58 N. Y. 257.)

We do not wish to be understood as expressing any opinion as to the merits of this controversy.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.