NORRIS v. LEE et ux.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. WITNESSES (§ 192*) — HUSBAND AND WIFE — "CONFIDENTIAL COMMUNICATION."

In an action on a note against a husband and wife, by the wife's mother, plaintiff submitted a letter, which the husband had written to the wife, relating small items of news and small domestic matters, containing the sentence, "I will settle with your mother just as soon as I can get my hands on the money from the mortgage, which I hope to do next week." Held, that this was not a "confidential communication," within the inhibition of the statute, and was properly admitted.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 192.*

For other definitions, see Words and Phrases, vol. 2, pp. 1421, 1422; vol. 8, p. 7611.]

2. WITNESSES (§ 287*)—REDIRECT EXAMINATION.

Where, on cross-examination, a letter written by defendant was read in evidence against him, on redirect examination he was entitled to testify as to what he had meant by statements in the letter and explain its contents.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 1000–1002; Dec. Dig. § 287.*]

Appeal from Trial Term, Kings County.

Action by Cassie Norris against Joseph M. Lee and wife. From a judgment for plaintiff, defendant Joseph M. Lee appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, CARR, and THOMAS, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Leon Kauffman, for appellant.
William M. Moore, for respondent.

JENKS, J. The defendant Joseph M. Lee appeals from a judgment entered upon the verdict at Trial Term in the payee's action upon a promissory note, dated June 1, 1900. The defendants are husband and wife, and the said payee is the mother-in-law of the said defendant appellant. The answer pleads the statute of limitations, and that the note was for the accommodation of the plaintiff. I think that the evidence was sufficient to justify the verdict.

The appellant raises but one point. Upon cross-examination of the defendant, the plaintiff read in evidence a letter of the defendant, addressed to his said wife, dated July 10, 1903. The defendant excepted, under his objection that it was a privileged communication between husband and wife, irrelevant, incompetent, and immaterial, and that it had no relation to the matter of the trial. The letter is an ordinary epistle, wherein the husband writes to his wife to chronicle the weather, his daily doings, his efforts to find a summer place for the family, and such petty matters. It contains a single sentence which might be pertinent:

"I will settle with your mother just as soon as I can get my hands on the money from the mortgage, which I hope to do next week."

I think that this was not a confidential communication, within the inhibition of the statute. In Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. 123, 6 Am. St. Rep. 384, "the wife of the defendant, upon the examination of plaintiff's counsel, gave evidence as to conversations with him when they were alone as to plaintiff's securities taken by him, his obligations to her for the same, and his promise to secure her therefor," and the court, per Earl, J., said:

"The section of the Code referred to [section 831] forbids, not all communications between husband and wife, but only confidential communications. What are confidential communications, within the meaning of the section? Clearly not all communications made between husband and wife when alone. If such had been the meaning, it would have been so provided in general and simple terms. They are such communications as are expressly made confidential, or such as are of a confidential nature, or induced by the marital relation. The conversations with her husband, testified to by Mrs. Berdell, cannot be excluded by the application of any of these tests. They were ordinary conversations relating to matters of business, which there is no reason to suppose he would have been unwilling to hold in the presence of any person. There was, therefore, no violation of the section of the Code cited."

Upon the redirect examination of the defendant he was asked a series of questions whether he could remember what he meant by this statement, whether he remembered whether there was any matter to be settled between the plaintiff and himself at that time, and whether he had any transaction by which money might be payable by or to him between himself and the plaintiff, in or about the month of July, 1903, other than in relation to promissory notes. Objections to these questions were sustained under exceptions, and the only testimony that he was permitted to give pertinent to the statement in the letter was that he did not remember that he owed money to the plaintiff for anything on or about July 10, 1903. I think that the witness should have been

121 N.Y.S.—33

permitted to testify with respect to this writing and in explanation thereof. Plainly the purpose of the plaintiff, when she read the letter in evidence, was to show an existing indebtedness from the defendant to the plaintiff, which he acknowledged and promised to settle, on the theory that it was evidence to show that it referred to the obligation upon the note. And unexplained it might well be damaging to the defendant. As the admission was neither contractual nor involved an estoppel, he was entitled to be heard upon it. Chamberlain v. Iba, 181 N. Y. 486, 74 N. E. 481.

Professor Wigmore, in his work on Evidence, writes, at section 1972:

"It has already been seen (ante, §§ 1044, 1058) that the impeaching force of a party's apparent admission, or of a witness' apparently inconsistent statement, lies in the self-contradictory states of mind which it discloses, and that thus his credit may be restored by an explanation which shows that there was no inconsistency. This explanation may often be made by showing that words were used in a sense different from that claimed by the opponent, or that a different state of facts was in mind at the time of the utterance; and the opinion rule should not interpose any bar."

And again, at section 1058:

"It follows that an opponent, whose admissions have been offered against him, may offer any evidence which serves as an explanation for his former assertion of what he now denies to be the fact. This may involve the showing of a mistake, or the evidencing of circumstances which suggest a different significance to the words."

See, too, Sanford v. Sanford, 5 Lans. 486; Mickey v. Burlington Ins. Co., 35 Iowa, 174, 14 Am. Rep. 494.

Although this point is not discussed by either counsel, I think that the error is capital.

The judgment is reversed, and a new trial is granted; costs to abide the event. All concur.