(87 Misc. Rep. 174)

### RUBIN v. BIERMAN.

(Supreme Court, Appellate Term, First Department. October 27, 1914.)

MASTER AND SERVANT (§ 329*)—INJURIES TO THIRD PERSON—OPERATION OF AUTOMOBILE—PLEADING.

> Where a complaint alleged that plaintiff was injured by the careless operation of defendant's automobile by a named chauffeur, but did not allege that at the time of the accident the chauffeur was defendant's servant, or that defendant was then operating it in person or by his servant, it did not state a cause of action.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1268, 1269; Dec. Dig. § 329.*]

Appeal from City Court of New York, Special Term.

Action by Maxwell C. Rubin against Julie Bierman. From an order denying defendant's motion for judgment on the pleadings and dismissing the complaint, she appeals. Reversed, and motion granted.

Argued October term, 1914, before SEABURY, BIJUR, and CO-HALAN, JJ.

Elwood J. Harlam, of New York City, for appellant.
Chas. S. Rosenthal, of New York City, for respondent.

BIJUR, J. The plaintiff did not oppose the motion; nevertheless the learned judge below denied it, on the ground that the pleadings raised a good issue. The complaint alleges that the plaintiff was injured by the careless operation of an automobile owned by the defendant, and that the same at the time of the accident was operated by a chauffeur who is named.

Respondent's citation of McCann v. Davison, 145 App. Div. 522, 130 N. Y. Supp. 473, is not in point. That case holds merely that *proof* of ownership gives rise to a presumption of control. The case at bar is concerned with pleadings. It is not denied that defendant is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sought to be held liable, not because of his ownership of the automobile, but because at the time of the accident he was in operation or control thereof, either in person or by his servant. This, however, is not alleged. On the contrary, plaintiff seems to have studiously avoided the allegation that the chauffeur in operation thereof at the time of the accident was the servant of the defendant. In view of the pleader's failure to insert the necessary allegation, and, indeed, of the plain intimation that he purposely avoided the making thereof, the complaint fails to state a good cause of action.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, and complaint dismissed. All concur.