JOSEPH S. FERRIS, as Administrator of the Estate of
ELMER H. FERRIS, Deceased, Respondent, *v.* SARAH E.
STERLING, as Executrix of FREDERICK O. STERLING,
Deceased, Appellant.

**Motor vehicles — ownership — evidence — license . number of
motor car with evidence that defendant held the license, prima
facie proof that defendant owned the car — when testimony of
witness may be confirmed by proof of declarations to same effect
previously made by witness.**

1. The license number of a motor car, coupled with evidence that
the defendant held the license, is *prima facie* proof that the
defendant was the owner and that the custodian of the car was
engaged in the owner's service. This presumption is not destroyed,
as a matter of law, by the testimony of the defendant and of the
driver of the car that the driver was the owner; where such testi-
mony is improbable, or suspicious, the question whether it should
be credited is one of fact for the jury.

2. Where the testimony of a witness is assailed as a recent fabri-
cation, it may be confirmed by proof of declarations of the same
tenor before the motive to falsify existed. It is also the rule that
where declarations or acts of a party are used against him as admis-
sions tending to show an inconsistent attitude, it is always open to
him to explain the apparent contradiction.

3. Where a question arose as to the ownership of a motor car and
defendant, to show that the license had been issued in his name by
mistake, offered a letter from the secretary of state to that effect
and one to that officer on the subject from the person claiming to
be the owner, also statements made by defendant as to the owner-
ship of the car to other persons made before the cause of the litiga-
tion arose, such evidence was improperly rejected. (*People* v. *Katz*,
209 N. Y. 311, followed.)

*Ferris* v. *Sterling*, 162 App. Div. 930, reversed.

(Argued January 18, 1915; decided February 25, 1915.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered April 4, 1914, affirming a judgment in favor of
plaintiff entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Oliver D. Burden* for appellant. Even though the jury found, upon incompetent evidence, and by reason of the improper exclusion of rebuttal evidence, that Frederick O. Sterling was the owner of the automobile which caused the accident, nevertheless, defendant cannot be held on the evidence in the record. (*Pichler* v. *Reese,* 171 N. Y. 577; *Chicago* v. *Schmidz,* 211 Ill. 446; *Avery* v. *Clements,* 18 Conn. 309; *Amick* v. *Young,* 69 Ill. 544; *De Wolf* v. *Williams,* 69 N. Y. 621; *People* v. *Smith* 162 N. Y. 520; *Rowley* v. *Brown,* 71 N. Y. 85; *Eyre* v. *Higbee,* 35 Barb. 500; *Fish* v. *Skut,* 21 Barb. 333.) The question in this case is whether in any event, even though it be said that Frederick O. Sterling technically owned the car, he is liable. The liability of an owner of a motor car for the negligence of one driving it in his absence depends upon whether the relation of master and servant existed at the time. It must be shown that at the time of the injury the driver was within the control of the owner or executing his orders or doing his work. (*Maher* v. *Benedict,* 123 App. Div. 579; *Long* v. *Richmond,* 68 App. Div. 446; 175 N. Y. 595; *Stewart* v. *Baruch,* 103 App. Div. 577; *Clark* v. *Buckmobile Co.,* 107 App. Div. 129; *Jones* v. *Weigand,* 134 App. Div. 644; *Cunningham* v. *Castle,* 127 App. Div. 580; *Freibaum* v. *Brady,* 143 App. Div. 220; *Kellogg* v. *C. C. Foundation,* 203 N. Y. 191; *Cullen* v. *Thomas,* 150 App. Div. 475.) The exclusion of testimony offered with reference to ownership was error. (*McMahon* v. *Davidson,* 12 Minn. 357; *Chicago* v. *Schmidz,* 211 Ill. 446; *Avery* v. *Clements,* 18 Conn. 309; *Amick* v. *Young,* 69 Ill. 544; *Bunke* v. *N. Y. Telephone Co.,* 188 N. Y. 600; 110 App. Div. 241; *De Wolf* v. *Williams,* 69 N. Y. 621; *Rowley* v. *Brown,* 71 N. Y. 85; *People* v. *Smith,* 162 N. Y. 520.)

*Frank J. O'Neill* for respondent. The proof in this case that the ownership of the automobile which caused the injury was in Frederick O. Sterling was ample to

require the trial judge to deny the motion for a nonsuit and submit the question to the jury. (*McCann* v. *Davison*, 145 App. Div. 522; *McGowan* v. *Morgan*, 160 App. Div. 588; *Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Wohlfahrt* v. *Beckert*, 92 N. Y. 489; *Sipple* v. *State of New York*, 99 N. Y. 284; *Munoz* v. *Wilson*, 111 N. Y. 295; *C. N. Bank* v. *Diefendorf*, 123 N. Y. 191; *Gavin* v. *Gavin*, 140 N. Y. 662; *Eastland* v. *Clarke*, 165 N. Y. 420.) The evidence in this case was sufficient to require the court to submit to the jury the question whether this automobile was being operated at the time of the accident by a servant of Frederick O. Sterling and in his business. (*McCann* v. *Davison*, 145 App. Div. 522; *Stewart* v. *Baruch*, 103 App. Div. 577; *Curley* v. *El. V. Co.*, 68 App. Div. 18; *Norris* v. *Kohler*, 41 N. Y. 42.) The trial court committed no error in excluding the testimony offered by the defendant tending to show declarations of the defendant touching the ownership of this car. (*Penfield* v. *Carpenter*, 13 Johns. 350; *Weeks* v. *Lowere*, 8 Barb. 530; *Erben* v. *Lorillard*, 19 N. Y. 229; *Enoch Morgan's Sons Co.* v. *Smith*, 132 N. Y. 591; *Stickney* v. *Billings*, 30 Hun, 304; *Arker* v. *Cohen*, 136 App. Div. 871; *Hohn* v. *Shay*, 140 App. Div. 176.)

CARDOZO, J. The action is brought to recover damages for injuries resulting in death. The defendant's son, while in charge of an automobile, ran down a motorcycle, and killed the man who was on it. Both father and son assert that the car was the son's. Both assert also that the son at the time of the collision was using the car for his own pleasure, and not in the father's service. They say that the car was given to the son on his twenty-first birthday, July 8, 1912. They are corroborated to some extent by the manager of the company that sold it. The license, issued by the secretary of state, was made out,

however, in the father's name. The fire insurance policy and the accident insurance policies were issued in the same form. Both father and son claim that the form of the license and of the policies was due to a mistake. Much of the evidence offered by them to prove this mistake, was, however, excluded. To this we shall refer later. The inference of control by the defendant was helped out by the nature of his business. He was a livery stable keeper, but for some years he had been ill, and because of illness he had left the management of his business in large measure to his son. He concedes this, but asserts that the business did not include the running of this car. He maintains, also, that at the moment of the collision the son was using the car for pleasure only. They had gone together to see a physician. When this errand was over, the father went home, and the son went on alone. The father says that there was no conversation as they separated. The son says that the father reminded him that his time was his own and the car was his own, and suggested that he take a ride. During the ride that followed, the collision occurred.

We think the verdict against the defendant has support in the evidence. The vexed question of the liability of an owner of a motor car for accidents resulting from its use by members of his family, when the use is with the owner's consent, is not in this case as it comes before us now. It is a question in respect of which courts of high authority are not in complete accord. (*Tanzer* v. *Read*, 160 App. Div. 584; *Cunningham* v. *Castle*, 127 App. Div. 580; *Maher* v. *Benedict*, 123 App. Div. 579; *McHarg* v. *Adt*, 163 App. Div. 782; *Kayser* v. *Van Nest*, 125 Minn. 277; *Missell* v. *Hayes*, 91 Atl. Rep. [N. J.] 322; *Campbell* v. *Arnold*, 106 N. E. Rep. [Mass.] 599; *Guignon* v. *Campbell*, 141 Pac. Rep. [Wash.] 1031.) In the case at bar, however, the trial judge charged the jury that if the son owned the car, the defendant was not liable, and that even if the defendant owned it, there was no liability unless

the son at the time of the collision was engaged in the defendant's business. These instructions must be accepted as the law of the case. Accepting them, we must, none the less, hold that the plaintiff made out a case to be submitted to the jury. The license number of the car, coupled with evidence that the defendant held the license, was *prima facie* proof that the defendant was the owner. It was more than that; it was *prima facie* proof that the custodian of the car was then engaged in the owner's service. (*Norris* v. *Kohler,* 41 N. Y. 42, 44; *McCann* v. *Davison,* 145 App. Div. 522; *Gulliver* v. *Blauvelt,* 14 App. Div. 523, 525; *Vanderhorst Brewing Co.* v. *Amrhine,* 98 Md. 406; *Knust* v. *Bullock,* 59 Wash. 141.) "The property being proved to belong to the defendant, * * * a presumption arises that it was in use for his benefit, and on his own account." (*Norris* v. *Kohler, supra.*) This presumption was not destroyed, as a matter of law, by the testimony for the defendant. Even though his explanation of the use of the car would absolve him if credited, the question whether it should be credited was one of fact for the jury. (*Gulliver* v. *Blauvelt, supra; Cunningham* v. *Castle, supra.*) The defendant and his son were not called as the plaintiff's witnesses, and their narrative was not without its suspicious or improbable features. The jury may not have believed the son's statement that as he went forth on this ride the father said to him, your time is your own, and the car your own. They may have thought that witnesses who would falsely disclaim ownership of a car, would falsely disclaim responsibility for its management. These and like considerations were for them. The motion to dismiss the complaint was, therefore, properly denied.

There were errors, however, in rulings upon evidence which require a new trial. The defendant and his son maintained that the license and the insurance policies had been taken out by mistake in the father's name. The father's name was F. O. Sterling, and the son's

O. F. Sterling.   The plaintiff insisted that the son's claim of ownership was a recent fabrication, put forward for the first time after the collision, and intended, while casting liability on the son, to divert it from the father.   To overcome this inference, the defendant offered in evidence a letter from the secretary of state to the son, dated July 22, 1912, with an envelope postmarked the same day.   In this letter the secretary of state acknowledges receipt of a notice that the license had been issued by mistake in the father's name.   The defendant also offered a letter from the son to the secretary of state, dated July 23, 1912, dealing with the same subject. There was evidence that the letter was written with the defendant's approval.   Both letters were excluded.   Both should have been received.   Father and son were put before the jury in the light of men who had trumped up as an afterthought a denial of the father's ownership. The accident took place on October 19, 1912, and these letters, if received, would have shown that months before that time, the son, with the father's approval, had insisted that the car was his own.   The rule is that where the testimony of a witness is assailed as a recent fabrication, it may be confirmed by proof of declarations of the same tenor before the motive to falsify existed. (*People* v. *Katz,* 209 N. Y. 311, 337; *Matter of Hesdra,* 119 N. Y. 615.)   It is also the rule that where declarations or acts of a party are used against him as admissions tending to show an inconsistent attitude, it is always open to him to explain the apparent contradiction.   (*Chamberlain* v. *Iba,* 181 N. Y. 486, 492; *Norris* v. *Lee,* 136 App. Div. 685, 687; Wigmore on Ev. sections 1058, 1972.)   The exclusion of these letters does violence to both rules.

There was error in the exclusion of other evidence directed to the same end.   The application for the license was acknowledged before Kay, the town clerk.   The defendant tried to show by his own testimony and that of Kay what was said at that time about the ownership

of the car.  The evidence was not received.  The son's letter to the secretary of state had been drafted by the president of the village, Mr. Spillane.  He said that he had a conversation with the father about this letter on the day he wrote it, and that the conversation related to the ownership of the car.  He was not allowed to state it.  By four other witnesses an attempt was made to prove that weeks or months before the accident, the defendant told them that the son was the owner of the car, and that they paid the son for its hire.  Under the rule applied in *People* v. *Katz* (*supra*) all this testimony was admissible.

The excluded evidence bore directly and cogently upon the pivotal issue of the case.  The error, therefore, is one that cannot be disregarded.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-BACK, MILLER and SEABURY, JJ., concur.

Judgment reversed, etc.