WILLIAMS v. FALCONBERG et al.  (No. 176–93.)

(Supreme Court, Appellate Division, Third Department.  September 15, 1915.)

Appeal from Special Term, Columbia County.

Action by Clifford Williams, by Roy Williams, guardian ad litem, against Bessie Falconberg and George R. Bressette.  Judgment for defendant Bressette was ordered on the pleadings, and plaintiff appeals.  Judgment and order reversed, and motion denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

PER CURIAM.  Order and judgment reversed, with costs, and motion denied, without costs, upon the authority of Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406.  All concur, except

KELLOGG, J. (dissenting).  The contention raised by the demurrer of the defendant Bressette is that the complaint does not state a cause of action against him.  It is alleged that, while the plaintiff was lawfully upon the highway, an automobile "owned by the defendant Bressette and operated and driven by the defendant Falconberg," struck and injured the plaintiff, and that the automobile was negligently driven and controlled.  The liability for the plaintiff's injury rests solely upon the person controlling the car.  The owner of the car is not liable as owner.  He can only be liable in this case if Falconberg, when he was negligently controlling the car, was his servant.  Undoubtedly the fact that the defendant owned the car, upon the trial, would be some evidence that he was controlling it.

The complaint undertakes to define the relations of Falconberg and Bressette to the accident.  The allegation that Bressette owned the car shows that Falconberg had nothing to do with the ownership; the allegation that Falconberg operated and drove the car makes it clear that Bressette was not operating and driving it.  If Falconberg was the agent of Bressette, then Bressette was operating and controlling the car by his agent.  The complaint impliedly negatives agency; under the circumstances, it was necessary to allege it.

The case is on all fours with Rubin v. Bierman, 87 Misc. Rep. 174, 149 N. Y. Supp. 483, where the Appellate Term, composed of Seabury, Cohalan, and Bijur, JJ., unanimously held such a complaint insufficient.  The trial justice here evidently based his determination upon that decision.

Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, is in no way in conflict with that decision.  There the defendant's son, in charge of an automobile, injured the plaintiff.  The defendant and son claimed the car belonged to the son; the license, however, by the secretary of state, was issued to the father, also the insurance and accident policies were in his name.  The jury found that the father owned the car, and that the son was engaged in his business at the time of the accident.  The nature of the defendant's business the court considered important, as bearing upon the question of fact.  He kept a livery stable, but in his ill health the son managed it for him.  The

claim that the automobile was not included in the business was not credited. The court charged the jury:

"That even if the defendant owned it there was no liability, unless the owner at the time of the collision was engaged in defendant's business."

The Court of Appeals recognized the charge as proper. The form of the pleadings was not mentioned. That case, therefore, in no way controls this case, which is strictly one of pleading and not of evidence.

A complaint should .contain a plain. and concise statement of the facts, and it is an elementary rule of pleading that evidence is not to be alleged. Whether Bressette is or is not liable does not appear from the complaint; proof of his ownership upon the trial would be some evidence of control. The ownership creates no liability; the control is the important thing. Falconberg was controlling the car. If he was controlling it as agent for Bressette, that fact should have been alleged. Conceding everything alleged in the complaint, it cannot be said that Bressette is necessarily liable. He may and he may not be liable; that fact cannot be ascertained until the evidence is in. A complaint should allege the necessary facts in such a manner that, if every allegation in it is true, liability necessarily follows. It is common experience that a car, as well as all other kinds of personal property, is not always controlled by or for the owner. It may be leased, loaned, or taken; many conditions may arise, where the mere fact of ownership is entirely immaterial in fixing a liability for the negligent control of the car. It was easy to allege, if true, that Falconberg was the servant of Bressette, or that Bressette controlled the car through him. Evidently the pleader had in mind that the owner of the car, on account of the ownership, was liable, without regard to the circumstances of its operation. The essential fact to be alleged was the negligent control by Bressette through Falconberg; that allegation is wanting.

The demurrer was properly sustained.