LAKS v. KELLER.

(Supreme Court, Appellate Division, First Department. April 20, 1916.)

1. PLEADING ⬤⟞53(2)—INCONSISTENCY—ELECTION.

A complaint for death from being struck by an automobile owned by one defendant, driven by his chauffeur, and kept at the garage of the codefendant, allegations of negligence against the garage owner, and that at the time of the accident the chauffeur was acting as his agent, though inconsistent with the allegations against the automobile owner, do not constitute an irrevocable election, where it expressly alleged that

the chauffeur was employed by the latter and at the time in question was engaged in the performance of his duties in behalf of the latter.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 114–117; Dec. Dig. ☞53(2).]

2. DISMISSAL AND NONSUIT ☞42—VOLUNTARY DISMISSAL—CONCLUSIVENESS —PLEADING ABANDONED.

In such action, plaintiff, by dismissing as to the garage owner abandoned all allegations of the complaint as to him, and in effect eliminated them.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 75–83; Dec. Dig. ☞42.]

3. NEW TRIAL ☞140(1)—PROCEEDINGS TO PROCURE—AFFIDAVITS—EVIDENCE.

The practice of attempting by testimony and affidavits taken by consent after the trial to sustain or upset the verdict of a jury is not to be commended.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284, 285; Dec. Dig. ☞140(1).]

4. APPEAL AND ERROR ☞882(1)—REVIEW—ERROR INDUCED BY PARTY COMPLAINING.

The practice of receiving affidavits and testimony after trial to sustain or upset a verdict, adopted at the request of appellee, cannot be questioned by him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3591; Dec. Dig. ☞882(1).]

5. NEW TRIAL ☞140(1)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY.

After a verdict for death from being struck by defendant's automobile, testimony not taken at the trial, of the chauffeur and others, that the chauffeur was not on defendant's business at the time of accident, and was not at place of accident at all, *held* sufficient to warrant a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 284, 285; Dec. Dig. ☞140(1).]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Bertha Laks, as administratrix, against Gottlieb J. Keller. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Joseph R. Truesdale, of New York City (Kenneth F. Clark, of New York City, on the brief), for appellant.

George F. Hickey, of New York City (Bernard Breitbart and Charles Breitbart, both of New York City, on the brief), for respondent.

LAUGHLIN, J. The plaintiff recovered a verdict against the appellant on the theory that between 1:30 and 2 o'clock in the morning of September 19, 1913, her husband, who was pushing a pushcart along Wallabout street in the borough of Brooklyn, was struck and killed by his automobile through the negligence of the chauffeur who was operating it. About a week prior to the accident, the appellant purchased an automobile and kept it in a garage at Halsey street and Broadway, in the borough of Brooklyn, and employed one Donovan to operate it, and procured license number D–8592, New York, therefor. The

action was brought against the appellant, Donovan, the chauffeur, and one Muller, who was the owner of the garage.

[1, 2] At the opening of the trial the attorney for the appellant moved to dismiss the complaint as against the appellant, on the ground that it failed to state a cause of action against him, and set forth a state of facts which specifically exempts him from liability. The motion was denied, and an exception was taken, and thereupon the attorney for the plaintiff announced that the action was discontinued as against the other defendants. Counsel for the appellant now urges the exception to the refusal of the court to dismiss the complaint, and contends that by alleging that Muller had been notified and warned not to allow or permit the automobile to be taken from the garage by Donovan or any one else without the consent of the appellant, and that in violation of such notification and warning he permitted and allowed Donovan to take the car out on the occasion of the accident, and thereby assumed charge and control of the automobile and constituted Donovan his employé, servant, and agent to operate and manage the automobile, the plaintiff has exonerated the appellant.

I am of opinion that there is no force in this contention. It was expressly alleged in the complaint that Donovan was employed by the appellant as a chauffeur to operate the automobile, and that he was operating it at the time in question, and was then engaged "in performing some of the duties connected with his employment for and on behalf of" the appellant. Those allegations are somewhat inconsistent with the allegations to the effect that Donovan was acting as the agent and employé of the garage keeper at the time; but by thus setting forth conflicting allegations there was no irrevocable election by the plaintiff, and when she came to the trial she elected to discontinue as against the garage keeper and to stand upon her allegations to the effect that Donovan was in the employ of and engaged in the business of the appellant when he ran down her husband. If, on discontinuing it as to Muller, she had amended by eliminating the allegations with respect to him there could be no question with respect to the sufficiency of the cause of action alleged against Muller; but, as she abandoned these allegations, I think she was not obliged to formally eliminate them. There is no allegation in the complaint that Donovan was notified or warned by, or by the direction of, the appellant not to take the automobile out.

Moreover, while it is alleged that Muller permitted and allowed Donovan to take the automobile from the garage, it is not specifically alleged that the automobile was taken from the garage without the consent of the appellant. After alleging that Muller was notified and warned not to allow the automobile to be taken out without the consent of the appellant, and that Muller permitted and allowed Donovan to take it out, and after stating the facts upon which it is claimed that the appellant is liable, the complaint charges a conclusion as follows:

"And the said defendant, Egan B. Muller (in assuming charge of said automobile, allowed and permitted said automobile to be taken and carried away, although duly and timely warned not to do so, without the consent of the said Gottlieb J. Keller)."

The most that can be claimed from this is that it is alleged that Muller failed to carry out the appellant's direction, and in violation thereof permitted the chauffeur to take the car out; but that does not show that Donovan was not authorized by the appellant to take the car, or that in operating it he was not engaged in the business of appellant. No facts are alleged showing, or tending to show, that the chauffeur in operating the car was engaged in Muller's business; nor does that fact flow from the facts alleged with respect to Muller's permitting the removal of the car. The charge, therefore, that Muller constituted the chauffeur his employé, servant, and agent to operate and manage the automobile, is a mere conclusion, without any facts being alleged to sustain it.

The evidence showed that Donovan was working on the car in the garage repairing it for some hours the evening before the accident, that he took it out some time that night, and that it was found in the garage the next morning in a damaged condition; that an automobile bearing the license number of appellant's car and answering the description thereof, containing three persons, was negligently operated and ran down the plaintiff's husband, and a short distance farther on overtook and collided with a wagon. The appellant testified that he had forbidden Muller to permit the chauffeur or any one else to take his car out without his written order, and that he gave no such order, and in this he was corroborated by the testimony of Muller and the manager of the garage. He also testified that he forbade the chauffeur to take the car out that night; but on that point his testimony is uncorroborated.

On this evidence the case was submitted to the jury with proper instructions in accordance with the rule laid down by the Court of Appeals in Ferris v. Sterling, 214 N. Y. 249, 253, 108 N. E. 406, that proof of the ownership of the car is prima facie evidence that it was being used in the business of the owner, which presumption was rebuttable, and was attempted to be rebutted here by the testimony of the appellant and of the witness who corroborated him in part; and it was left to the jury to find on the testimony, in the light of the presumption, whether or not the car was in fact being used in the business of the appellant at the time of the accident.

After the rendition of the verdict in favor of the plaintiff, the appellant made a motion for a new trial; and at the opening of the court the next day the court stated that the attorney for the plaintiff had drawn attention to the fact that the chauffeur who had not been called as a witness had been located by him, and that he desired to examine him in connection with the pending motion for a new trial "in the interest and furtherance of justice," and the court permitted the attorney for the plaintiff to call the chauffeur to the stand. One of the attorneys for the appellant then asked, in effect, whether he would be permitted to call further witnesses, if necessary, and the court answered in the affirmative. It was shown on the examination of Donovan, and by an affidavit of one of the attorneys for the appellant which the court received, that Donovan had been subpœnaed by the appellant, but was released from the subpœna on the understanding that he was

to appear when notified by his own attorney; that pursuant to a telephone message from his attorney he came to court, but arrived during the summing up, and was then informed by the clerk that he was too late; but failure to appear was not drawn to the attention of the court and no request for the postponement of the trial was made on that account. He was placed under oath and examined in open court and testified that the appellant never told him not to take the car out without a written order; that on the evening before the accident, after repairing the car and between 11:30 and 12 o'clock he took it out to test it and stopped at the Putnam House for some refreshments, and there invited two men to ride with him; that they took a ride and stopped at a restaurant, and after leaving there he ran into a milk truck and injured the automobile; that in operating the car that night he was not testing it all the time, and that it was not necessary to operate it until the hour that he did, about 2:30 in the morning, for the purpose of testing it, and that they were "joy-riding," but that he did not take the car within about three miles of the scene of the accident. Donovan denied having made certain admissions to various persons, and the appellant desired to examine them; but the court permitted him to submit their affidavits instead. The affidavits tended to show that Donovan admitted repeatedly that he took the car out in violation of instructions given by the appellant and for the sole purpose of taking four friends, two men and two girls, out for a "joy-ride," but corroborated his testimony with respect to their not having been within about three miles of the scene of the accident, and with respect to damaging the car by a collision with a milk truck.

[3-5] While the practice adopted in this case of attempting by testimony and affidavits taken by consent after the trial to sustain or upset the verdict of the jury is not to be commended, still it was adopted at the request of the plaintiff, who is thereby precluded from questioning the regularity thereof. In the circumstances, this evidence is not to be tested by the rules applicable to newly discovered evidence; but, since it was not before the jury, it is not to be reviewed as if it had been passed upon by the jury favorably to the plaintiff. The testimony of Donovan and of the affiants whose affidavits were thus used on the motion for a new trial tends to disprove the testimony of the single witness by whom the car was identified, and also to show that if the chauffeur took the car out on business of the appellant he was not engaged in the business of his employer at the time of the accident. Since this evidence was taken to be considered in connection with the motion for a new trial in the interest and furtherance of justice, we are of opinion that the motion for a new trial should have been granted.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed.

CLARKE, P. J., and PAGE and DAVIS, JJ., concur. DOWLING, J., dissents.