Frances Stein, Plaintiff, *v.* George L. Lyon et al., Defendants.

(Supreme Court, New York Special Term, February, 1917.)

Pleading — rule of — allegations contained in complaint — evidence — automobiles — negligence — agency.

Under the rule of pleading that facts should be alleged according to their legal effect, a complaint which alleges that two of the defendants owned a certain automobile and that another defendant who had charge and control of the car carelessly and negligently ran into and collided with the automobile in which plaintiff was a passenger, causing injuries to her, is bad, as the issuable fact, whether the owner of the car was operating it, depended upon whether the defendant in immediate control of the car was an agent.

CROSS MOTIONS for judgment on the pleadings.

Anton Gronich, for plaintiff.

Arthur V. Kaldenberg, for defendant Nelson Lyon.

GIEGERICH, J.   The defendant Nelson Lyon having demurred to the complaint upon the ground of insufficiency, both the plaintiff and said demurring defendant have moved for judgment on the pleadings.   The complaint alleges that the defendants Nelson Lyon and George L. Lyon owned a certain automobile and that the defendant Mary Lyon, " who had charge and control of the defendants' automobile, carelessly and negligently ran into and collided with the automobile in which the plaintiff was a passenger," and thus caused the injuries complained of.   As above stated, the defendant Nelson Lyon has demurred and the motions bring up the question of the sufficiency of the complaint as to him.   More specifically stated, is the allegation of his ownership enough to make the pleading good against him?   It may be recognized at the outset that, as a matter of evidence, the *sole* ownership of Nelson Lyon, the demurring defendant, would be sufficient *prima facie* proof that the car was being operated in the owner's service.   *Ferris* v. *Sterling,* 214 N. Y. 249, and cases cited.   This motion, however, is dealing not with proofs, but with pleadings, and one of the rules of pleading, as ancient as it is elementary, is that facts should be averred according to their legal effect. A pleading should avoid not only conclusions on the one hand but merely evidentiary facts on the other hand, and set forth only the issuable facts.   Now, the issuable fact here is whether the demurring defendant owner of the car was operating it, and that depends upon whether the person in immediate control of the

car was his agent or not. If Mary Lyon was an independent contractor who had hired the car from the owners, or if she had taken it without their knowledge or consent, then they would not be liable. But such hiring or such unauthorized taking would have no relation to the issue of the ownership of the car if a pleading were permitted which, in form, would make such ownership an issuable fact. Logically, not ownership but agency is the issuable fact. If the owner wished to dispute the agency of the person who was operating the car at the time of the accident, he would be unable to make such denial with the complaint in its present form. He would have to set up, as new matter constituting a defense, the fact of such hiring or taking, and thus the issues would pass into a still more illogical and confused situation. A similar difficulty would arise if the real situation should be that the two owners of the car in this case were not copartners and had no business relationship or connection whatever except the ownership of the car (and nothing more is alleged in the complaint) and that each used the car separately for his individual purposes and that on the occasion when the injury complained of was done the car was being used not for the purposes of the demurring defendant but for the purposes of his co-owner. In such a situation, as no agency is alleged against the demurring defendant, he could not raise the real issue by a denial, but would have to resort to setting up as a separate defense matter that properly is not a separate defense, nor indeed a properly pleadable fact, but merely an evidentiary fact to be used to rebut the inference of agency that might otherwise be drawn from the fact of ownership, assuming now that the same inference of agency can properly be drawn against each of two copartners as is drawn against a sole owner. It is a very old rule that if evi-

44

dence of a fact be pleaded, instead of the fact itself, the plea is bad (16 Ency. of Pl. & Pr. 564; *Fidler* v. *Delavan,* 20 Wend. 57; *Boyce* v. *Brown,* 7 Barb. 80; *Badeau* v. *Niles,* 9 Abb. N. C. 48), and this case well illustrates the sound reasons underlying such rule. My attention has been called to *Williams* v. *Falconberg,* 170 App. Div. 939, in which the Appellate Division of the third department by a divided court held a pleading like the present one good, upon the authority of *Ferris* v. *Sterling,* above referred to. The dissenting opinion in that case, however, correctly sets forth what, in my opinion, should be the law in such cases. So, too, the Appellate Term, in *Rubin* v. *Bierman,* 87 Misc. Rep. 174, in a like case held the complaint to be bad. The dissenting opinion just referred to and the unanimous opinion of the Appellate Term proceed upon the ground that the pleader's allegation that the car was operated and controlled by the person named in the respective pleadings as so operating and controlling it, by implication, negatives the agency of the owner, as otherwise the appropriate allegation would be that the owner operated and controlled it. The fact that the question so passed upon by the court in those cases was presented by a complaint so drawn again shows the wholly unnecessary difficulties that are created when the salutary rule of pleading above mentioned is not observed by pleaders. The demurring defendant's motion is granted, and the plaintiff's cross-motion is denied, with ten dollars costs, with leave to the plaintiff to amend within twenty days on payment of such costs.

Ordered accordingly.