JOHN F. COLLINS et al., Appellants, *v.* GEORGE T. KELLY, Respondent.

**Trial — evidence — when error to exclude testimony tending to explain inconsistent attitude of plaintiff — plaintiff not required to furnish evidence showing excuse for delay in commencement of action.**

1. Where, upon cross-examination of one of the plaintiffs, defendant develops facts and statements tending to show an inconsistent attitude on the part of plaintiffs, thereby affecting the credibility of the witness and for the purpose of an admission against plaintiffs, it is material error to exclude testimony of the witness offered to explain the apparent contradiction.

2. While delay in the commencement of an action may be considered by a jury as a circumstance bearing upon the merits of a plaintiff's claim, the plaintiff is not required to furnish direct evidence showing an excuse for failure to commence the action at an earlier day, where the action was commenced within the statutory time.

*Collins* v. *Kelly*, 174 App. Div. 917, reversed.

(Argued March 14, 1919; decided April 8, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 15, 1916, affirming a judgment in favor of defendant entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William A. Walsh* and *George V. Wallin* for appellants. The court erred in excluding the testimony offered by

plaintiff Collins tending to explain why plaintiffs brought the action for the total amount against the Metropolitan Surety Company. (*Ferris* v. *Sterling*, 214 N. Y. 249; *Morris* v. *Lee*, 136 App. Div. 685; *Larkin* v. *Nassau Electric R. R. Co.*, 205 N. Y. 267; *Chamberlain* v. *Iba*, 181 N. Y. 486; *People* v. *Buchanan*, 145 N. Y. 1; *Ferris* v. *Hard*, 135 N. Y. 357; *Tracy* v. *McManus*, 58 N. Y. 257; *Sterling* v. *Kelly*, 77 App. Div. 621; *People* v. *Loomis*, 76 App. Div. 243; *Hopler* v. *Hunter Arms Co.*, 64 App. Div. 80; *National Life Assn.* v. *Thompson*, 38 App. Div. 445; *O'Donnell* v. *Interurban St. Ry. Co.*, 88 N. Y. Supp. 1016; *Van Ness* v. *Bush*, 22 How. Pr. 481; *Clarks* v. *Vorce*, 15 Wend. 193.) In view of the fact that the court prohibited plaintiffs from explaining or excusing their delay in not bringing this action until 1912, it was error for the court to charge as requested by defendant's counsel. (*Foley* v. *Xavier*, 104 App. Div. 1.)

*Robert W. Bernard* for respondent.

HOGAN, J. The Church Construction Company entered into a contract with the United States government for the construction of certain buildings at West Point, N. Y. The Metropolitan Surety Company was surety on the bond of the contractor and the latter, having failed to perform the contract, the surety company undertook to perform the same, and on April 18th, 1907, entered into a contract with the United States government to complete the contract between the government and the Church Construction Company, to commence work immediately, payments to be made to the surety company in monthly installments as the work progressed to the extent of ninety per cent of the value of the material furnished and work actually performed in the buildings, the balance of ten per cent to be paid within ten days after final inspection and acceptance of the whole work. On April 18th the surety company entered into a contract

with the defendant Kelly, reciting its contract with the government, whereby Kelly undertook to furnish all materials and labor necessary to complete the work on or before October 1st, 1907, in accordance with the contract between the United States government and the surety company, the surety company to pay to Kelly as the work progressed the amount of the bills for material and work as the same shall become due, and thirty days after the completion and acceptance of the work by the government to pay defendant Kelly an additional sum equal to ten per cent of the actual cost of such work and materials in full for his remuneration for all work, labor and materials, supervision and other services rendered.

Plaintiffs alleged that in or about the latter part of April, 1907, they entered into an agreement with defendant Kelly to do the plumbing work, furnish the materials therefor and to receive for services and materials eight per cent of the value of the same, Kelly to pay for the material and labor as the same became due.

On or about January 30th, 1909, in an action brought in behalf of the people of the state of New York against the Metropolitan Surety Company, a judgment was entered dissolving the surety company because of its insolvency and appointing a permanent receiver of the same. Prior to the dissolution of the corporation and in April, 1908, as developed upon cross-examination of plaintiff Collins by counsel for the defendant, plaintiffs had commenced an action against the Metropolitan Surety Company to recover the amount of money it sought to recover against the defendant in this action on account of labor and material furnished as alleged here by plaintiffs to Kelly. The dissolution of the Metropolitan Surety Company resulted in the abandonment of that action, and subsequently a claim was presented by plaintiffs to the receiver of the surety company for the same claim.

The trial justice charged the jury that the entire

proof as adduced on the trial required the jury to deter-
mine whether the plaintiff Collins or the defendant Kelly,
who denied liability to plaintiffs, was to be accredited upon
the trial, as the entire issue as presented had been on the
testimony of the two witnesses named — that if the
jury accredited the testimony of plaintiff Collins, it would
have the right to render a verdict in his favor; if, on the
other hand, they were not satisfied by a fair preponder-
ance of evidence that the plaintiffs had made out a case
against the defendant Kelly then their verdict must be
for the defendant. Upon a former trial of this action
the jury disagreed. Upon the second trial the verdict of
the jury was in favor of the defendant and the Appellate
Division has unanimously affirmed the judgment. Our
review of the case is confined to errors of law raised by
exceptions.

' Upon the cross-examination of the plaintiff Collins
counsel for the defendant laid stress upon the fact that the
plaintiffs had commenced an action against the Metro-
politan Surety Company and also had presented a claim
against the receiver of the surety company after the
company was placed in liquidation upon the same account
plaintiffs now sought to recover on against Kelly. He
cross-examined plaintiff as to the truthfulness of certain
statements in the complaint in the action against the
surety company and likewise as to his evidence given
before the referee on the hearing of the claim against the
surety company. During the progress of such examina-
tion the plaintiff when confronted with apparent incon-
sistency of position sought to make explanation thereof,
but was not permitted to do so by counsel and was
confined strictly to answering specific questions. Upon
re-direct examination, counsel for plaintiffs undertook
to have Collins explain to the court and jury how he came
to bring the action against the surety company in the
first instance. He was asked the direct question, objec-
tion was made by counsel for defendant, the objection

was sustained and exception taken to the ruling. Other questions of a like character were asked of the witness. Objections made thereto were sustained to which rulings exceptions were duly taken. Defendant was thereby permitted to prove acts and statements made by plaintiff Collins and to use the same as an admission against plaintiffs tending to show an inconsistent attitude on their part and they were denied an opportunity to explain the apparent contradiction in the acts and statements of Collins in the action and proceeding against the surety company and upon the trial of this action. The exclusion of the evidence was error. (*Ferris* v. *Sterling*, 214 N. Y. 249.) The error was also material. The trial justice in his charge to the jury referred to the evidence of Collins but not in detail in the surety company case and upon this trial, and then stated " there is a rule of law, gentlemen, that witnesses who wilfully falsely testify to a certain fact, juries have a right to disregard their entire testimony. But did he do that? Why did he testify in the manner that he did? That is all for you. There may be a reason for it. But you cannot make a reason for him. That is not your province."

The trial justice also, at request of counsel for defendant, instructed the jury in substance that if Collins told the truth when he made the statements in his complaint in the action against the surety company and in his proof of claim and upon the hearing thereof, the verdict must be for defendant. Reference to the charge, to which no exception was taken, is made solely for the purpose of showing the materiality of the error of the justice.

Counsel for defendant also asked the court to charge that there was no evidence and not a word of evidence in this case as to any excuse for not bringing this lawsuit until 1912. The court in reply said: " There is no direct evidence of it, no sir, they may take the circumstances of it, however." Exception was duly taken to the charge.

This action was commenced within the statutory

period of time.   Delay of a party in the commencement of an action is frequently a subject of argument before a court or jury as a circumstance bearing upon the merits of the plaintiff's claim, but there is no rule of law which imposes upon a plaintiff in an action like the present one a duty to furnish direct evidence showing an excuse for failure to commence the action at an earlier day.

The judgment should be reversed and a new trial granted, costs to abide the event.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.