ALICE DOHERTY, by MICHAEL DOHERTY, Her Guardian ad Litem, Respondent, v. CHARLES W. ROGERS, Doing Business under the Assumed Name and Style of ROGERS EAGLE MACHINE WORKS, and Another, Appellants.

MICHAEL DOHERTY, Respondent, v. CHARLES W. ROGERS, Doing Business under the Assumed Name and Style of ROGERS EAGLE MACHINE WORKS, and Another, Appellants.

Fourth Department, May 7, 1924.

Motor vehicles — actions by child and father for injuries suffered by child when struck by automobile — automobile was registered in name of one of defendants and was being operated by other at time of accident — error to reject evidence on behalf of defendant in whose name automobile was registered to show that it belonged to other defendant and that registration was mistake.

In actions by a child and her father to recover damages for injuries suffered by the former when she was struck by an automobile which was registered in the name of one of the defendants and was being operated by the other, it was error for the court to reject evidence on behalf of the defendant in whose name the automobile was registered to show that the automobile belonged to the defendant who was driving it and that the registration in his name was a mis-

take, and that as soon as the mistake was discovered and prior to the time of the accident the certificate of registration was indorsed to show a transfer of the automobile to the other defendant, but that owing to illness that certificate had not been filed. This evidence should have been admitted in view of the fact that plaintiff's counsel throughout the trial made statements, the clear implication of which was that said defendant's disclaimer of ownership was a fabrication put forward for the first time after the actions were commenced.

SEPARATE APPEALS in each of the above-entitled actions by the defendants, Charles W. Rogers and another, from judgments of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Erie on the 25th day of June, 1923, upon the verdict of a jury for $500 in each action against both defendants, and also from orders entered in said clerk's office on the 10th day of July, 1923, denying the defendants' motion in each action for a new trial made upon the minutes.

*William C. Sengbusch,* for the appellants.

*John J. Brown,* for the respondents.

CROUCH, J.:

On February 1, 1923, Alice Doherty, a minor, was injured on a street crossing in Buffalo by an automobile in which defendant Lederer was driving alone. Actions brought by her and by her father have resulted in judgments against Lederer and also against his codefendant Rogers. It was claimed that the car was owned by Rogers and was being used in his business at the time of the accident. Both defendants have separately appealed.

The evidence on the question of negligence and contributory negligence, while scanty, was sufficient. The judgments against Lederer must be affirmed.

Rogers claimed that he was not the owner of the car driven by Lederer. The plaintiffs proved that the car was registered in the name of Rogers upon an application filed January 27, 1923, and that the certificate of registration, indorsed to show transfer to Lederer, was filed February 26, 1923, which date was subsequent to the commencement of the actions. Proof of ownership in Rogers on February 1, 1923, the day of the accident, rested solely upon the presumption arising from the registration. Both Rogers and Lederer testified that Lederer was the owner. Confronted by the proof of registration, Rogers sought to show that the registration in his name was a mistake. It appeared that Lederer sometimes worked for Rogers in the latter's machine shop. Rogers' claim was that each of them owned a car; that or about January 27, 1923, Lederer had undertaken to register both cars in the names of their respective owners; that by a mistake both certificates were issued in the name of Rogers Eagle Machine Works, under

which name Rogers conducted his business; that the mistake was discovered within a day or so and that forthwith and before the day of the accident, he made the indorsement and verified the statement on the certificate covering Lederer's car as required by law to show a transfer, and delivered the same to Lederer; that Lederer had completed the statement of transfer, but owing to illness had omitted to file the certificate.

Counsel for Rogers tried in various ways to give evidence in support of the claim of mistake. The evidence was rejected. The court said broadly: " All you can prove the license was issued for both cars to Mr. Rogers and he owned one of them. You can't tell about the mistake."

The 1922 license card showing that the car had been registered in the name of Lederer as owner during that year was offered and rejected.

The notary public, before whom the statement of ownership on the back of the 1923 certificate of registration was claimed to have been verified, was called as a witness to prove the contents thereof, and the fact of the making thereof. The certificate itself could not be produced on the trial. Ample facts to excuse its non-production were shown. Indeed, the objection finally came down to this, as stated by plaintiffs' counsel: " I would object to it [the certificate itself] on the ground it was self-serving and not binding on this plaintiff." And the final ruling of the court in sustaining the objection to the notary's testimony was: " This would only be a self-serving declaration if you produced the document."

Throughout the trial of the cases, as shown by the record, there were statements and innuendoes by plaintiffs' counsel, the clear implication of which was that Rogers' disclaimer of ownership was a fabrication put forward for the first time after the actions were commenced. The rejection of evidence to repel that implication was error. (*Ferris* v. *Sterling*, 214 N. Y. 249; *People* v. *Katz*, 209 id. 311.)

In view of that conclusion it becomes unnecessary to deal at length with other errors urged by defendant Rogers.

The judgments should be affirmed as to defendant Lederer, with costs, and reversed on the law and the facts and a new trial granted as to defendant Rogers, with costs to appellant Rogers to abide the event.

All concur.

In each case: Judgment and order affirmed, with costs, as to defendant Lederer, and reversed on the law and facts and a new trial granted as to the defendant Rogers, with costs to the defendant Rogers to abide event.