WALTER BANKER, Plaintiff, *v.* HAYNES STELLITE COMPANY, Defendant.

MINA SCHWING, Plaintiff, *v.* HAYNES STELLITE COMPANY, Defendant.

Supreme Court, Monroe County, November 25, 1929

*Mann, Strang, Bodine & Wright* [*William C. Combs* of counsel], for the plaintiffs.

*Arthur T. Pammenter*, for the defendant.

RODENBECK, J. When the plaintiffs put in evidence the fact that the car had been licensed in the name of the defendant, they had shown that the defendant was the owner of the car and that the custodian of the car was engaged in the owner's service at the time of the accident (*Ferris* v. *Sterling*, 214 N. Y. 249); and this evidence, with the evidence of negligence on the part of the driver of the car and absence of contributory negligence, made out a *prima facie* case which, without any evidence by the defendant to the contrary, would have entitled the plaintiffs to a verdict.

The conclusions from the license may be called inferences from a fact or presumptions of a fact, whichever is preferred. The evidence put the defendant to its proof and any evidence put in by the defendant would not, necessarily, destroy the fact of the license and the inferences or presumptions to be drawn therefrom, nor would it overcome the conclusions of ownership and custody, if the evidence was not credible. If the evidence put in to meet the *prima facie* case of the plaintiffs was incredible, and that is the only phase involved here, the case stood at the close of the evidence as if no evidence to rebut the inferences or presumptions from the license had been submitted. Where evidence to meet a *prima facie* case is presented, the plaintiff need not submit counter evidence, but may stand upon the license and the inferences or presumptions to be drawn from it, and if the jury finds the rebutting evidence incredible it may act upon the evidence of license and the legal inferences or presumptions to be drawn from it, and may find for the plaintiff upon his *prima facie* case. The legal inferences or presumptions disappear only in the face of credible evidence to meet them, and where the defendant's evidence is incredible, the

plaintiff's evidence and the inferences and presumptions legally required from the plaintiff's evidence, remain, and will support a verdict based thereon. Incredible evidence is not substantial evidence. It is no evidence. (*Graves* v. *Colwell*, 90 Ill. 612; *Bradshaw* v. *People*, 153 id. 156, 161; *Speer* v. *Burlingame*, 61 Mo. App. 75, 92; *Cox* v. *Royal Tribe*, 42 Oreg. 365, 376; *Bims* v. *Collier*, 69 Ark. 245, 250; *Bice* v. *Wheeling Electrical Co.*, 62 W. Va. 685, 698.)

Even though the presumption of use and operation existed, it was proper to submit the question of liability to the jury, including the use and operation of the car, and the jury, having discredited the defendant's evidence that the car was stolen, had the right to find use and operation for defendant's benefit from the legal presumption of operation with its express or implied consent which the presumption implies.

Motion for new trial denied, with ten dollars costs.

So ordered.