IRWIN KESSLER, as Administrator, etc., of HENRY KESSLER, Deceased, Respondent, *v.* PHILADELPHIA RURAL TRANSIT COMPANY, Appellant, Impleaded with PHILADELPHIA RAPID TRANSIT COMPANY and Another, Defendants.

First Department, March 24, 1933.

*Morton L. Fearey* of counsel [*Norman M. Barron* with him on the brief; *Burlingham, Veeder, Fearey, Clark & Hupper,* attorneys], for the appellant.

*Kenneth V. Fisher* of counsel [*Kent & Kent,* attorneys], for the respondent.

PER CURIAM. The presumption of control arising from the registration of the bus in the name of the appellant was not overcome as a matter of law by the testimony presented. The question of operation remained one of fact and was properly submitted to the jury. (*Norris* v. *Kohler,* 41 N. Y. 42; *McCann* v. *Davison,* 145 App. Div. 522; *Ferris* v. *Sterling,* 214 N. Y. 249.)

The court in its main charge gave no instruction as to who were the next of kin of the deceased. Under the New Jersey statute applicable in this case the next of kin was the father. At the conclusion of the charge defendant's counsel requested the court to charge, as follows: " I ask your Honor to charge that in estimating damages if any are to be awarded in this case for the death of

Henry Kessler, the jury may consider only the actual loss, pecuniary loss sustained by the father on account of such death." This request was refused and an exception duly taken. This question had been previously raised by objection to testimony as to what other relatives of the deceased survived him, and on the motion to dismiss. The court refused to charge as requested and left the jury in doubt as to the individual whose loss was to be considered. It is impossible to determine how much of the verdict represents compensation to the one entitled. The error is material.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — FINCH, P. J., McAVOY, MARTIN, O'MALLEY and TOWNLEY, JJ.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.