764

(November 2, 1959)

■ SOL HERSHKOWITZ, Respondent, v. SOUTH VIRGINIA LUMBER CO., INC., Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ IDA B. SCHNEIDMAN, Respondent, v. ANNA STECKLER, Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ MARY AMATO, as Guardian ad Litem of NICHOLAS P. AMATO, an Infant, et al., Respondents, v. INCORPORATED VILLAGE OF LYNBROOK, Appellant.— In an action by an infant to recover damages for personal injuries, and by his mother for medical expenses and loss of services, the appeal is from a judgment entered on the verdict of a jury in favor of respondents and against appellant. The accident complained of occurred when the infant, who was playing in a public park, stepped on, and fell through, a glass pane which formed part of a door. The door had been deposited by someone in the park and was partly covered by leaves and debris which had been permitted to accumulate in the park near the place where the infant was playing. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

4   ANDREW BABAJKO, Respondent, v. CATHERINE V. FRAWLEY, Appellant. — In an action to recover damages for personal injuries, the appeal is from a judgment, entered after trial before a Special Referee, in favor of respondent. In 1955 respondent was injured when a motor vehicle owned by appellant and driven by another negligently struck respondent on a private parking lot maintained in conjunction with a restaurant. Judgment unanimously affirmed, with costs. The pleadings admitted that appellant owned, operated, managed, maintained, and controlled the motor vehicle at the time of the accident. Proof of ownership was prima facie proof that the custodian of the car was then engaged in the owner's service. From proof of appellant's ownership arose the presumption that the car was used for her benefit and on her account (*Ferris* v. *Sterling,* 214 N. Y. 249). In the absence of evidence by appellant, who rested at the close of respondent's case, the admission in the ·pleadings and in the proof was sufficient to sustain a judgment for respondent, even though the accident did not take place on a public highway within the meaning of section 59 of the Vehicle and Traffic Law, as it read before July 1, 1958. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.