■ HELEN GIORDANO, Individually and as Administratrix of the Estate of SAVERIO J. GIORDANO, Deceased, Appellant, v. EASTERN UTILITIES, INC., et al., Respondents. EASTERN UTILITIES, INC., Plaintiff, v. HELEN GIORDANO, Individually and as Administratrix of the Estate of SAVERIO J. GIORDANO, Deceased, Defendants.— Appeal from so much of a judgment, entered on a jury's verdict, as provides that respondents have judgment in their favor on a cause of action to recover damages for the wrongful death of the intestate. The intestate was injured when his motor vehicle, which he was driving, was involved in a collision with a motor vehicle owned by respondent Eastern Utilities, Inc., which was being operated by its president, respondent Van Dyke. The intestate died about two hours after the collision. Judgment insofar as it is in favor of the respondents on the cause of action to recover damages for wrongful death reversed, action severed, and a new trial granted on the issues raised by that cause of action and the answer thereto, with costs to abide the event. At the trial respondent Van Dyke testified on direct examination that prior to the accident he had been driving in the left, or fast, lane of the highway, and the intestate was driving in the right, or slow, lane, and that the intestate suddenly cut him off. On cross-examination, his report of the occurrence to the Motor Vehicle Bureau was introduced. The account therein of the accident stated that " Car No. II [the intestate's] collided with Car No. I [respondents'] and lost control ". Respondent Van Dyke was then asked whether he had made any statement therein that the intestate's car cut him off. The court sustained the objection thereto on the ground that the paper spoke for itself. Thereafter in rebuttal there was received in evidence, over appellant's objection, a statement respondent Van Dyke had given to the police about two hours after the collision, wherein he stated that the intestate had cut him off. This was error and, in the circumstances of this case, prejudicial. The inference that appellant sought to have the jury draw from the report to the Motor Vehicle Bureau and from her question relating thereto was, of course, that respondent Van Dyke's testimony at the trial was a recent fabrication, and the statement was offered to bolster his testimony by rebutting that inference. Ordinarily such prior statements are rejected because they are irrelevant and of no probative value (Crawford v. Nilan, 289 N. Y. 444; Richardson, Evidence [8th ed.], § 530, pp. 511–512). Where the testimony of a witness has been attacked as a recent fabrication, proof of prior consistent statements of the witness may be received to repel such imputation, provided they were made

at a time when there was no motive to falsify (*People* v. *Singer*, 300 N. Y. 120, 123-125; *Ferris* v. *Sterling*, 214 N. Y. 249, 254). Respondent Van Dyke was not free of such motive when he made the statement to the police; therefore it should not have been received. Nolan, P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to affirm, with the following memorandum: It was proper to show that answers of respondent Van Dyke to questions put to him by the police immediately after the accident were consistent with his testimony. It was, at the least, for the jury to determine whether the answers had been made before the motive to falsify existed. It " was for the jury to choose between the two versions, after a full disclosure of all the times and occasions on which each had been put forward ". (*People* v. *Singer*, 300 N. Y. 120, 125.) In *Di Carlo* v. *United States* (6 F. 2d 364, 366; cited with approval and quoted in *People* v. *Singer, supra*, p. 124) Judge Hand wrote: " His declaration to Bragg and Gorski [policemen], almost immediately after the event, was so near in time as to have the verity generally accorded to spontaneous declarations at the time, which are universally admitted." No harm was done to appellant in correcting her unwarranted imputation to respondent Van Dyke of a recent fabrication.