■ ANTONIA MELENDEZ et al., Respondents, v ROBERT LANG, Respondent, and LUIGI QUATRUCCI, Appellant. ROBERT LANG, an Infant, by His Mother and Natural Guardian, GOTA LANG, et al., Respondents, v LUIGI QUATRUCCI, Appellant.—Order, Supreme Court, Bronx County, entered May 19, 1976, which, after a jury trial, granted to plaintiffs judgment on the issue of liability and set down for assignment the issue of damages, unanimously affirmed, with $60 costs and disbursements to respondents. At approximately 12:45 A.M. on February 4, 1972, the vehicle driven by defendant-appellant Luigi Quatrucci collided with the vehicle driven by Robert Lang in which plaintiff-respondent Antonia Melendez was a passenger. Quatrucci's insurance broker completed the New York State motor vehicle accident report with information supplied by Quatrucci the day after the accident. At trial plaintiff called Quatrucci as part of her prima facie case. Quatrucci's answers as to the manner in which the accident happened were much more extensive than those contained in the motor vehicle accident report and Quatrucci was asked if, on the morning following the accident, he told the broker the same facts about the accident as he testified to at trial. Claiming the question inferred recent fabrication, Quatrucci sought to introduce into evidence a letter by the broker made simultaneously with the accident

report and containing additional facts of the accident which apparently would corroborate Quatrucci's testimony at trial. Quatrucci argues, on appeal, that the exclusion of that letter is prejudicial and requires a reversal. The argument is not persuasive. As the record reveals that the broker had sufficient evidence to complete the motor vehicle report, and that it was her fault which prevented it, appellant's claim that his testimony was attacked as a recent fabrication is not supported. Further, even if appellant had prevailed on this point, it was not error to exclude the self-serving hearsay letter from evidence. The letter was prepared more than 24 hours after the accident, during which time appellant had the opportunity to reflect upon the possible benefits he could derive from a favorable letter. The reasoning in *Giordano v Eastern Utilities* (9 AD2d 947), is dispositive of the case at bar. In that case, the court, in holding inadmissible a statement made by a party to a police officer two hours after the automobile accident, said (pp 947–948): "Ordinarily such prior statements are rejected because they are irrelevant and of no probative value * * * Where the testimony of a witness has been attacked as a recent fabrication, proof of prior consistent statements of the witness may be received to repel such imputation, provided they were made at a time when there was no motive to falsify. Respondent * * * was not free of such motive when he made the statement to the police; therefore it should not have been received." (Citations omitted.) Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.