FREDERICK J. LONGLEY and Others, as Trustees for Certain Depositors and Creditors of THE FIRST NATIONAL BANK AND TRUST COMPANY OF HUDSON, Appellants, *v.* HAROLD J. COONS and Another, Respondents.

Third Department, May 8, 1935.

*Coffin, Coffin & Inman [George C. Inman of counsel], for the appellants.*

*R. Monell Herzberg, for the respondents.*

BLISS, J. The defendants say that the note on which they are being sued and of which Harold J. Coons is maker and Sidney R. Coons payee and indorser, is the last of a series of renewals of a note originally given by them to the bank under an agreement with its president by which Harold J. Coons as agent for the bank purchased at public auction and held in his own name certain shares of the capital stock of the bank until the bank could conclude its then pending negotiations with a prospective purchaser of the stock.

The defendants urge as a preliminary objection that the motion is not made upon the affidavit of a person having knowledge of the facts. They do not rest upon this objection and have in their answering affidavits set forth in full their version of the transaction. They have thus elected to go forward with their proof and the court must now decide the motion upon all the facts.

Plaintiffs' predecessor is a National bank. It is vested with only such powers as are granted, and subject to the restrictions imposed, by statute. One of these restrictions is found in section 83 of title

12 of the United States Code Annotated.* This section is contained in chapter 2 which deals with National banks and is commonly called the National Banking Act. It reads: " No association shall make any loan or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such security or purchase should be necessary to prevent loss upon a debt previously contracted in good faith."

In construing this statute we must follow the rulings of the Federal courts. (*Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 N. Y. 190.)

The agreement which the defendant Harold J. Coons claims he had with the bank was clearly within the statutory prohibition and illegal and beyond the authority of the bank to make. The learned Special Term held to the contrary and stated that the bank had a right to purchase this stock for a customer. *Block* v. *Pennsylvania Exchange Bank* (253 N. Y. 227) is cited as an authority for this holding. An examination of the opinion and record on appeal in that case reveals that the bank was there purchasing not its own capital stock but stock of other corporations. The prohibition of section 83 of the National Banking Act refers to a bank's own capital stock and not to the stock of other corporations. Consequently that case is not in point.

It will be presumed that the transaction between the bank and the defendants was legal and not one in violation of law. Ordinarily parties do not intend to make illegal agreements. This transaction was perfectly regular on its face. There was nothing unusual about it. It appeared to be the ordinary loan by a bank on a promissory note. Courts will not strain to place upon such a transaction an illegal version. " When a contract is open to two constructions, the one lawful, and the other unlawful, the former must be adopted, if reasonable and permissible." (*Jackman* v. *Continental National Bank,* 16 F. [2d] 728.)

Nor will the defendants in this instance be permitted to urge the illegal transaction as a defense. This would be against public policy and would place a premium upon secret and illegal transactions. The assets of a bank constitute trust funds for the benefit of its creditors and shareholders and may not be thus wrongfully diverted. The provisions of section 83 were intended to protect not only the shareholders of the bank but also the depositors, creditors and other persons dealing with the bank and to inspire the confidence of the public generally in such banks. These creditors and shareholders may rightfully rely upon the statutory prohibition in assuming that this note in the portfolio of the bank was not

* 13 U. S. Stat. at Large, 110.— [REP.

the result of an *ultra vires* and illegal agreement. " If a palpable evasion of this nature can be indulged, that prohibition, designed for the protection of stockholders and creditors alike, becomes a dead letter." (*Jackman* v. *Continental National Bank, supra*).

In *National Bank* v. *Matthews* (98 U. S. 621) the bank had loaned moneys on a note and in violation of statute taken from defendant Matthews a deed of trust of real estate as security. Upon default the grantor under the deed of trust filed a bill to enjoin the sale of the real estate on the ground that the deed, having been given in violation of the statute, was void. A perpetual injunction was granted. The United States Supreme Court reversed the court below, saying: " We cannot believe it was meant that stockholders, and perhaps depositors and other creditors, should be punished and the borrower rewarded, by giving success to this defense whenever the offensive fact shall occur."

Our Court of Appeals, in discussing a similar provision in our State Banking Law, said: " The Banking Law should be construed in accordance with the obvious intention of the Legislature so as to permit flexibility and to prevent looseness in doing business. The prime object is to protect the public, including depositors, and after that to enable the stockholders to secure a fair return from their investment." (*People* v. *Knapp*, 206 N. Y. 373.)

A further reason against now permitting these defendants to set up the alleged *ultra vires* and illegal transaction as a defense is found in the fact that they reduced the principal amount of the original loan to them by payments on principal, thus conceding the regularity of the transaction. It is significant that the defendants did not borrow of the bank the full purchase price of the stock. They used some of their own funds toward such purchase. All of the documents and the acts of the defendants themselves belie their version of the affair. The defendants failed to show facts entitling them to defend.

An analogous situation existed in the case of *Bank of United States* v. *New York Corrugated Case Co., Inc.* (reported in a memorandum decision without opinion at 264 N. Y. 654). The complaint there was founded on a promissory note which the defendants urged was delivered in violation of subdivisions 6 and 7 of section 108 of the Banking Law of the State of New York because the defendant purchased capital stock of the plaintiff bank and pledged such stock as security for the loan represented by the note. The prohibition of this section of our State Banking Law is substantially identical with that of the National Banking Act. This answer was, on motion, stricken out and judgment on the pleadings granted.

The defendants may not recover upon their counterclaim because of the illegality of the transaction alleged. (*California Bank* v. *Kennedy*, 167 U. S. 362.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

HILL, P. J., and CRAPSER, J., concur; HEFFERNAN, J., concurs in the result; RHODES, J., dissents, and votes to modify the order by striking out the defendants' counterclaim and as modified that it be affirmed.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.