GOTTLIEB C. RATHFELDER, Respondent, *v.* LEVI FLAG, Appellant, Impleaded with THEODORE RING, Defendant.

First Department, May 19, 1939.

*Walter G. Evans* of counsel [*Alexander Orr, Jr.*, with him on the brief; *Evans & Rees*, attorneys], for the appellant.

*James I. Cuff* of counsel [*James I. McGuire* with him on the brief], for the respondent.

O'MALLEY, J. *Prima facie* proof that the truck was owned and controlled by the defendant Flag and that its operator was engaged in said defendant's business was established by the license plates concededly the property of defendant-appellant. (*Ferris* v. *Sterling*, 214 N. Y. 249, 253.)

This proof, however, was fully overcome by the defendant's evidence. It showed that defendant was engaged in the garage business and also dealt in second-hand cars in North Dana, Mass. William Lucia occasionally sold cars for him on commission and in this connection at times had dealer's license plates belonging to defendant in his possession.

A short time prior to the accident, which occurred in New York city on December 13, 1933, William Lucia had in his possession a Dodge coupe belonging to defendant for the purpose of sale. It had on it the defendant's license plates.

The truck which caused the accident (herein called " International ") had been bought some three weeks prior to the accident from an agency in Worcester, Mass., by Gerald Lucia, a son of William, who was engaged in the trucking business in Orange, Mass., under the name of the L & L Trucking Company.

Shortly before the accident, Gerald Lucia had sent his employee Ring to New York in another truck. This truck had broken down. Ring attempted to summon help from his employer late in the evening of December 12, 1933. The latter, not being home when Ring telephoned, his father, William Lucia, without defendant's knowledge or permission, took the plates from the Dodge coupe and put them on the International truck belonging to the trucking company and drove to New York. On reaching there, he turned this truck over to Ring, who used it for the purpose of securing parts to equip the truck which had broken down. The accident happened while Ring was using the truck for this purpose.

Defendant's testimony was to the effect that he did not consent to the use by William Lucia of the plates nor did he have any knowledge of such use until after the accident; that Ring, the operator, was not known to him, was not in his employ and never had been.

Defendant's claim, as corroborated, " is not improbable on its face, it is not unreasonable, is not contradicted by facts, circumstances or presumptions arising from the facts, and has nothing about it or in it to create suspicion." (*Der Ohannessian* v. *Elliott*, 233 N. Y. 326, 329.)

In the circumstances we are of opinion that plaintiff's *prima facie* case of ownership and control was overcome by defendant's evidence.

The plaintiff attempted to introduce into evidence a letter dated January 23, 1934, claimed to have been written by the defendant to plaintiff's former attorney in answer to the attorney's prior communication respecting the accident. There was a disagreement as to the attorney's version of the accident and a reference therein to " my driver." This letter was on two sheets. The quoted words which plaintiff sought to rely upon as an admission by the defendant were on the first sheet.

There was no testimony by the attorney to whom it was addressed nor any concession that he would testify to the effect that this was the actual two-page communication received in answer to his letter to the defendant, unlike the concession with respect to the attorney's own letter to the defendant. In these circumstances we do not think it was error to exclude this alleged answer of defendant under the provisions of section 332 of the Civil Practice Act. The document itself, not having been proved, it would be futile to admit the signature thereto which was on a separate sheet.

Furthermore, assuming without conceding that the document should have been admitted into evidence, it would not have destroyed the other evidence to the effect that the truck in question was not owned, controlled or operated by this defendant at the time of the accident.

It follows, therefore, that the judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.