THOMAS BUONO, Appellant, v. STEWART MOTOR TRUCKS, INC., Respondent, and Another, Defendant.— This action was brought to recover damages for personal injuries sustained by appellant in a collision between two motor trucks at a street intersection. Appellant was a guest in one of the trucks, which carried dealer's license plates issued to the respondent. The trial court dismissed the complaint at the close of the plaintiff's case, holding that there was no evidence of negligence on the part of respondent, and no evidence that respondent owned the truck at the time of the accident. Judgment dismissing the complaint reversed on the law and a new trial granted, with costs to appellant to abide the event. Appellant proved a *prima facie* case of negligence on the part of the driver of the truck in which he was a guest, and there was no evidence of contributory negligence. The proof that the license plates carried on the truck had been issued to respondent was presumptive proof of respondent's ownership. (*Ferris* v. *Sterling*, 214 N. Y. 249.) The respondent undertook to overcome such proof by evidence that it had sold the truck to Warren, the driver, more than a month before the accident. There was no evidence that the truck described in the conditional sale agreement, dated June 15, 1933, was the truck involved in the accident on July 17, 1933, except the testimony of Warren, who for that purpose was the respondent's witness, and such testimony was elicited by means of objectionable questions. Although the questions were not objected to, and a foundation, therefore, existed for the introduction of the sales documents, nevertheless the testimony that the truck described in such documents was identical with the truck in which appellant was injured was not conclusive. The proof was that the truck involved in the accident weighed ten tons and carried a load of eight to nine tons. The conditional bill of sale contained the following description of the truck sold to Warren on June fifteenth: " Type of Body — 3½ ton." The chattel mortgage described a truck having a capacity of three and one-half tons. There was no attempt to prove by means of motor or serial numbers that the truck involved in the accident was the truck described in respondent's exhibits. Furthermore, if the truck in which appellant was riding had been sold to Warren more than a month before, then both the respondent and Warren were violating section 63 of the Vehicle and Traffic Law, which permits the use of dealer's license plates by a purchaser for

not more than five days after taking possession and under certain conditions not complied with here. There is no explanation in the present record of such apparent willingness on the part of respondent to co-operate with the alleged purchaser in violating the law. On this record the testimony of the witness Warren that the sales documents described the same truck as that involved in the accident was improbable, contradictory of the documents themselves, and suspicious; it should, therefore, have been submitted to the jury as a question of fact. (*Hull* v. *Littauer*, 162 N. Y. 569; *Rathfelder* v. *Flag*, 257 App. Div. 71; affd., 282 N. Y. 563.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.