THE BECKER CORPORATION and ESTHER BECKER, as Administratrix, etc., of MAX BECKER, Deceased, Respondents, v. GEORGE CANTER and MORRIS CANTER, Individually and Doing Business under the Firm Names and Style of SECURITY SHOE ACCESSORY MANUFACTURING Co. and SECURITY SEAL COMPANY, Appellants, and Others, Defendants.— Action to recover damages for fraud and conversion. Order, entered on reargument, denying motion of appellants George Canter and Morris Canter for summary judgment dismissing the complaint, pursuant to rules 113 and 114 of the Rules of Civil Practice, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

THOMAS BUONO, Respondent, v. STEWART MOTOR TRUCKS, INC., Appellant, and Another, Defendant.— Action to recover damages for personal injuries sustained by plaintiff, who was a guest on a truck driven by one Warren, when it was in collision with another truck. Judgment entered on the verdict of a jury in favor of plaintiff reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Appeal from order denying appellant's motion to set aside the verdict and for a new trial dismissed, without costs. Appellant is a seller of new and used trucks. It is established that at the time of the accident the truck bore license plates which were one of a series of plates that had been issued to the appellant as a dealer. We held on the prior appeal in this case (261 App. Div. 1095) that such evidence was presumptive proof of appellant's ownership of the truck. On the present trial the evidence offered by appellant's disinterested witnesses with respect to the sale of the car to Warren is uncontradicted, is not opposed to probabilities or to legitimate inferences, and is not in its nature surprising or suspicious. Such evidence, therefore, overcomes the presumption of ownership upon which liability for negligent operation can be predicated. It is common knowledge that dealers loan their license plates to purchasers of motor vehicles. If the appellant-dealer did not comply with the statute in giving notice of such loan of plates, that fact was not causally connected with the accident or with plaintiff's injuries. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.