LILLIAN REESE, Respondent, *v.* FLOYD E. REAMORE, Appellant, et al., Defendant.

Fourth Department, January 27, 1943.

*Leonard H. Amdursky* and *Edward A. Wolff* for appellant.

*Edwin J. Mizen* and *James H. Horan* for respondent.

CUNNINGHAM, J.  This case was tried before the court without a jury by agreement of the parties.  The defendant, Floyd E. Reamore, appeared and answered and defended the action upon the trial.  The defendant, John S. Ackley, defaulted and has not appeared in this action except as a witness.

A collision occurred on June 30, 1939, in the village of Camden, N. Y., between a Chevrolet sedan owned by William J. Peltier, and driven by the defendant Ackley, and a Hudson automobile owned by the plaintiff's husband in which the plaintiff was a passenger.

The Chevrolet had been sold to Peltier by the defendant Reamore and at the time of the collision the Chevrolet was bearing dealer's number plates which had been issued to Reamore, but the time within which Reamore was permitted by law to loan his dealer's number plates to Peltier had expired.

The court made the following findings of fact, among others: That the accident was caused by the negligence of Ackley and that the plaintiff was free from contributory negligence; that the defendant Reamore is an automobile dealer and garage owner, doing business in the city of Rome, N. Y.; that the Chevrolet automobile driven by Ackley at the time of the accident was taken in trade by Reamore in April, 1939; that Reamore put the car in condition and sold it to Peltier, a mechanic working in his garage; that " the sole and actual owner of the 1933 Chevrolet automobile at the time of the accident was William J. Peltier;" that at the time of the accident the defendant Ackley was driving such Chevrolet automobile with the permission and consent of William J. Peltier; that at all times between May 10, 1939, and June 30, 1939, the defendant Reamore knew that Peltier was driving the Chevrolet upon the public highways and making use of the defendant Reamore's dealer's plates for that purpose, and that Reamore consented to such use of the car with his plates thereon; that the defendant Ackley was a stranger, and unknown to the defendant Reamore, and that he was driving the Chevrolet " without the express knowledge or consent of the defendant Reamore;" that Peltier purchased the car from Reamore on May 10, 1939, and that a duplicate copy of the certificate of sale was filed in the office of the Motor Vehicle Bureau on May 22, 1939. This was before the time of the accident.

The defendant Reamore was held liable in this case because at the time of the accident the Chevrolet automobile owned by Peltier had affixed thereto dealer's number plates issued to Reamore.

The court below held that the defendant Reamore was estopped from claiming that he was not the owner of the Chevrolet car at the time of the accident, relying upon the case of (*Shuba* v. *Greendonner*, 271 N. Y. 189). In that case it was held that the defendant had intentionally registered the vehicle in his own name and that he would not be permitted to prove after an accident that he had never owned the vehicle.

A dealer who has sold a car may permit the purchaser to use plates issued to the dealer for a period of five days upon compliance with certain statutory provisions. (Vehicle and Traffic Law, § 63.)

In *Rathfelder* v. *Flag* (257 App. Div. 71; affd., 282 N. Y. 563) it was held that the use on a truck of dealer's number plates issued to the defendant Flag was *prima facie* proof that he was the owner of the truck, but that such proof, however, was fully overcome by the defendant's evidence. In that case the judgment in favor of the plaintiff was reversed and the complaint was dismissed.

In *Buono* v. *Stewart Motor Trucks, Inc.* (263 App. Div. 969) it appeared that the truck involved in the accident bore dealer's number plates which had been issued to the defendant. The court said that while this was presumptive proof of the defendant's ownership of the truck, the testimony of disinterested witnesses showed that the defendant had sold the car to a third party previous to the accident. The court, in dismissing the complaint, said: "If the appellant-dealer did not comply with the statute in giving notice of such loan of plates, that fact was not causally connected with the accident or with plaintiff's injuries."

The two cases cited above show conclusively that the courts do not hold that an automobile dealer, who permits use of his dealer's number plates without complying with the statute, is estopped from denying that he is the owner of the vehicle on which the plates are displayed.

In this case it was found by the court below upon sufficient evidence that Reamore was not the owner of the Chevrolet at the time of the accident.

The judgment should be reversed upon the law, with costs, and the complaint should be dismissed upon the law, with costs, and the findings of fact below should be affirmed.

Dowling, J. (dissenting). I think that the case of *Buono* v. *Stewart Motor Trucks, Inc.* (263 App. Div. 969) is not decisive here. In that case the accident happened within the five-day period during which the dealer might lawfully have loaned to its vendee its dealer's number plates. (Vehicle and Traffic Law, § 63.) In the case before us, the accident happened fifty-one days after the defendant Reamore had loaned his dealer's number plates to his vendee. During that entire period the vendee was operating his automobile with said number plates thereon with the knowledge and consent of the defendant Reamore. The evidence indicates that the defendant Reamore, to serve his own purposes, illegally conspired with his vendee to allow his vendee to operate his car with said number plates thereon on the public highway almost daily from May 10, 1939, to July 1, 1939, so that

his vendee might then acquire license plates at half price. (Vehicle and Traffic Law, § 11, subd. 6.) Had this illegal arrangement not been made, Reamore's vendee would not have been able to purchase the automobile from Reamore in the first instance or operate it on the public highway. On the existence of such a conspiracy, the misrepresentation of the sale price to the finance company is enlightening. The respondent states in her brief that the violations of the law referred to in the record were not a proximate cause of the accident and that such violations gave her no right of action against the defendant Reamore. Nevertheless I think that Reamore's illegal participation in the arrangement whereby he permitted his vendee to use his number plates after the five-day period had expired, thereby making the accident possible, estops him, so far as the plaintiff is concerned, from denying his ownership of the automobile involved in the accident. After the five-day period within which he might have legally loaned the number plates to his vendee had expired, the further use of the number plates on the vendee's automobile, under the circumstances, was a representation to the public that the automobile, to which said number plates were attached, was Reamore's automobile. Having joined in illegally putting in motion a train of circumstances which culminated in the accident in question, the defendant Reamore should be estopped from denying that he was the owner of the automobile at the time of the accident. (*Longley* v. *Coons*, 244 App. Div. 391, 393, affd., 268 N. Y. 712.) The judgment should be affirmed.

All concur, except DOWLING, J., who dissents and votes for affirmance in a memorandum. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs. The findings of fact have been examined and affirmed.