CHRISTINA LeROY, as Administratrix under Limited Letters of Administration of the Estate of JOHN LeROY, Deceased, Appellant, v. RUTH G. TREMPER et al., as Executors of HAROLD O. TREMPER, Deceased, et al., Respondents, et al., Defendants.

Second Department, January 31, 1944.

*Myron Wisoff* and *William S. Butler* for appellant.

*William B. Davis* and *E. C. Sherwood* for respondents.

*Per Curiam.* The proof that license plates, the property of respondents, were upon the car concerned in the accident estab-

lished *prima facie* that the automobile was owned and controlled by them and that the operator was engaged in their business at the time. (*Ferris* v. *Sterling*, 214 N. Y. 249.) This proof, however, was fully and completely overcome by respondents' evidence, which showed that the car was not then and never had been owned by them; that it was owned and operated by defendant Harold Barton; that defendant Alfred Barton, who was employed by respondents as a handy man, took the license plates from the place of business of his employers without consent; and that the automobile was not operated in the business of the respondents.

If it be assumed that the plates were loaned to the owner of the car with the consent of the respondents, or that there was an issue as to that fact, the uncontradicted affirmative proof is that the car was not under the control nor operated in the business of respondents.

In this State one who lends his license plates is not liable, merely by reason of such loan, for the negligence of the borrower. The theory of liability founded on nuisance (*McDonald* v. *Dundon*, 242 Mass. 229) does not seem to have been followed in this State. (Cf. *Rathfelder* v. *Flag*, 257 App. Div. 71, affd. 282 N. Y. 563; *Buono* v. *Stewart Motor Trucks, Inc.*, 263 App. Div. 969; *Reese* v. *Reamore*, 265 App. Div. 459; *Wyka* v. *L. A. D. Motors Corp.*, 264 App. Div. 890.)

The case against defendant Harold Barton is not affected by the judgment from which this appeal is taken.

The judgment should be affirmed, with costs. The appeal from the alleged order should be dismissed, without costs. No such order is printed in the record on appeal.

CLOSE, P. J., HAGARTY, JOHNSTON, ADEL and LEWIS, JJ., concur.

Judgment unanimously affirmed, with costs.

Appeal from order dismissed, without costs. [See *post*, p. 906.]