## SECOND DEPARTMENT, JANUARY, 1974

### (January 4, 1974)

■ OTIS MITCHELL, Respondent, v. AUTO BUYERS, INC., Appellant, et al., Defendants.— In a negligence action to recover damages for personal injuries, defendant Auto Buyers, Inc., appeals from so much of a judgment of the Supreme Court, Kings County, entered November 10, 1972, as is against it, upon separate jury verdicts rendered after successive trials of the issues of liability and damages. Judgment reversed insofar as appealed from, on the law and the facts, with costs, and complaint as against Auto Buyers, Inc. dismissed, on the law. In our opinion, it was error for the trial court to refuse to grant the motion of defendant Auto Buyers, Inc., made at the conclusion of the entire case, to dismiss the complaint. Plaintiff was injured when he was struck by a 1959 Studebaker automobile driven by defendant Edmonds and bearing certain transporter registration plates admittedly owned by defendant Auto Buyers, Inc., a corporation in the business of buying and selling used cars at wholesale. The trial court instructed the jury that it could find Auto Buyers, Inc. liable (1) if Auto Buyers owned the Studebaker and if Edmonds was driving it with Auto Buyers' express or implied permission or (2) if Auto Buyers, although not the owner, consented to the display of its transporter plates on the car at the time of the accident. The court further advised the jury that Auto Buyers' admission of ownership of the plates created a rebuttable presumption that Auto Buyers was the owner of the car and that Edmonds, the operator of the car, was then engaged in the service of Auto Buyers. In response to a series of three written interrogatories, the jury found that Auto Buyers did not own the car, but that Edmonds was using the transporter plates with the consent and permission, express or implied, of Auto Buyers. On this basis alone, the verdict on the issue of liability was returned against defendant Auto Buyers. It was proved at the trial that the transporter plates, admittedly the property of Auto Buyers, were upon the car involved in the accident. This established prima facie, subject to rebuttal, that the automobile was owned and controlled by Auto Buyers and that the operator was engaged in Auto Buyers' business at the time (*Ferris* v. *Sterling*, 214 N. Y. 249; *Le Roy* v. *Tremper*, 267 App. Div. 387; *Rathfelder* v. *Flag*, 257 App. Div. 71). In our opinion, however, this proof was completely overcome by the evidence adduced by defendant Auto Buyers. This evidence established that the car was not then and had never been owned by Auto Buyers, that Auto Buyers did not consent to Edmonds' use of the plates and had no knowledge of Edmonds' use of the plates until after the accident, that Edmonds was not in Auto Buyers' employ and that the automobile was not operated by Edmonds in the course of Auto Buyers' business. We have examined appellant's other points raised on appeal and find them without merit. Munder, Acting P. J., Martuscello and Brennan, JJ., concur; Shapiro and Benjamin, JJ., dissent and vote to affirm.