■ EDUARDO CHANG, Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.—In an action for a judgment declaring which of the defendants "shall be liable to plaintiff" for the payment of any judgment obtained against the driver of an automobile in an underlying negligence action, defendant Utica Mutual Insurance Company appeals from a judgment of the Supreme Court, Westchester County, entered February 8, 1980, which declared, in effect, that it shall defend and indemnify the driver. Judgment affirmed, without costs or disbursements. It appears from the FS-25 report introduced by defendant Utica Mutual Insurance Company at trial and the document added to the record with the consent of this court, that the vehicle involved in the one-car collision in question, a 1961 Oldsmobile, bore the same license plate number that had, in the relatively recent past, been borne by a 1967 Chevrolet concededly owned by the insured of defendant Utica Mutual and covered by an insurance policy issued to the insured by that defendant. Under the facts and circumstances of this case, the proof was sufficient to make out a prima facie case that the vehicle involved in the accident was then owned by Utica Mutual's insured (see *Ferris v Sterling,* 214 NY 249: *Viuker v Allstate Ins. Co.,* 70 AD2d 295; *Mitchell v Auto Buyers, Inc.,* 43 AD2d 830). Since

the insured's policy contained a "replacement vehicle" clause and permissive use of the vehicle by the driver may be presumed (see Vehicle and Traffic Law, § 388), the failure of Utica Mutual to introduce any evidence at trial that its insured did not own the 1961 Oldsmobile or that that vehicle was not a "newly acquired automobile replac[ing]" the 1967 Chevrolet within the meaning of the "replacement vehicle" clause, warrants affirmance of the judgment. We note that nothing in Utica Mutual's supplemental brief requires a different result. Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.